## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS,

AT THE

## DECEMBER TERM, A. D. 1872.

---

**GARIBALDI v. JENKINS et al.**

TAX TITLES—*Where resident's lands sold as non-resident.*—A resident's lands were assessed to a non-resident; the taxes were not paid; the lands were advertised and sold as non-resident lands: On bill by purchaser to confirm his title, *Held*, That under the law then in force, *Gould's Digest, Chapter* 148, the resident owner had a right to redeem, and approving *Gossett, et al vs. Kent, et al.*, 19 *Ark.*, 602. *Kinsworthy, et al vs. Mitchell and wife*, 21 *Ark.*, 145.

APPEAL FROM PULASKI CHANCERY COURT.

HON. T. D. W. YONLEY, *Chancellor*.

*Gallagher, Newton & Hempstead*, for Appellant.

It makes no difference in whose name land is assessed, if the taxes are unpaid the sale is valid. The name of the owner is unimportant. The particular land taxed stands liable for it, no matter who may be the owner. See *Merrick & Fenno vs. Hutt*, 15 *Ark.*, 331.

Defendants being residents of Pulaski county, are not entitled to redeem. *Section* 145, *Gould's Digest*, (which was the law when and under which this sale was made), *Chapter* 148, 953.

*Farr & Fletcher*, for Appellees.

We submit that the lands being assessed and sold in the name of a non-resident of Pulaski county, the law which governs the sale of a non-resident's lands, for the non-payment of taxes, must govern in this case; and therefore, it follows that the party, having the legal or equitable interest in the lands sold for the non-payment of taxes, can redeem them at any time within twelve months from the date of the sale. See *Gossett et al. vs. Kent*, 19 *Ark.*, 603; *Kinsworthy et al. vs. Mitchell and wife* 21, *Ark.*, 145. Any person having the legal or equitable title in lands sold for taxes can redeem. *Merrick & Fenno vs. Hutt*, 15 *Ark.*, 341.

GREGG, J.—The appellant filed his petition, in the Pulaski Chancery Court, praying to have his title confirmed to certain described lands situate in said county, which he alleged had been duly assessed to B. M. Griffith, a non-resident, returned delinquent and sold to appellant for the taxes of the year 1867, and that after the expiration of one year therefrom, they had, in due form of law, been deeded to him.

Upon appearance and petition, the appellees were made parties defendants, and they responded that, as the widow and heirs of Hezekiah Jenkins, deceased, they were the lawful owners and entitled to the possession of said lands. They admitted the assessing, advertising and sale as alleged; (only as to one forty acre tract on which the taxes had been paid); they admit their residence in the county, and that they had not paid taxes on the remainder of the lands. They repeat the allegation in the bill, that the lands were assessed to a non-resident, and they aver that within less than one year after the sale, they offered to redeem all of said lands, and tendered the appellant more than the amount of taxes, penalty and costs, with one hundred per cent., and that he refused to accept the money and allow them to redeem, and they bring the amount into court and tender the same, etc.

The parties filed an agreed state of facts: "That the lands

were assessed to Griffith, a non-resident; that the taxes were not paid; that the lands were advertised and sold as non-resident lands; that appellant bought and paid for them and obtained a deed as alleged; that the appellees who resided in the county were the true owners of the lands, and that they tendered the money and offered to redeem as stated in the answer, and that the appellant refused to accept the money or relinquish his claim."

The cause was submitted to the court upon the pleadings and facts, and the Chancellor found in favor of the appellees, and decreed that the petition be dismissed and that the complainant pay costs, from which decree he appealed to this court.

The appellant contends that the appellees had no right to redeem, because they were residents of the county in which the lands were situate, and the law, then in force, did not provide for the redemption of a resident's lands when sold for taxes.

It is true, the law then in force (*Gould's Digest, Chapter* 148) made no provision for the redemption of a resident's lands after tax sale, but all the lands under that law were classified in assessing; they were to have a fixed status, and certain requisites were prescribed before declaring the resident in default and fixing liability upon his lands. The law provided a different mode of assessing, of advertising, and a different time and manner of selling non-resident from a resident's lands.

The personal property of the latter was first to be resorted to and, if not paid, a personal demand was to be made, and in default, then the lands were to be levied upon and sold without right of redemption. The non-resident lands were proceeded against by advertising, and if no payment was made, by sale at a fixed time and place, and one year thereafter was allowed for redemption; the owner had but constructive notice, but was thus favored, in time, to clear up his titles.

If the resident's lands were improperly placed in the lists of non-residents, and he wanted to have his personal property converted for the payment of his taxes, or to have the notice prescribed by law, (and each has a right to all the delays the law sanctions) his lands might be sold without any notice to him, and without the privilege of redemption.

To repeat, sales of resident and non-resident lands were at different times and conducted in a different manner, and to work a forfeiture, the officers must proceed against the lands in the manner prescribed by law.

It is said to be immaterial whether the lands are assessed in the name of the true owner or not, so the taxes are unpaid, etc., but be that so, the law prescribes the channels through which proceedings must pass in order to produce a valid tax title. And as has been held, by this court, in *Gossett et al. vs. Kent et al.* 19 *Ark.*, 602, there must be a point at which it is determined whether or not the lands are liable as residents or non-residents, and it was there held that upon the assessment lists being returned to the County Court for correction and confirmation, and being passed upon and approved, became a matter adjudicated, and after such judgment was passed upon the assessment lists, the status of the lands must be regarded as a thing determined, and all parties concerned were, thereafter, bound by such determination, and the lands were then subject to advertisement, sale and redemption, according to their status on the assessment lists. And the law declares sales valid whether the lands are assessed in the name of their true owner or not, and sufficiently empowers the collector to make valid sales of all assessed lands, provided he pursues the mode indicated by the status of the lands upon the lists.

This doctrine, so well settled in this case, was approved and again affirmed in *Kinsworthy et al. vs. Mitchell and wife*, 21 *Ark.*, 145, and we are not now inclined to disturb these decisions.

Let the decree be affirmed.