TRISTRAM COFFIN, Executor, *vs.* CHARLES ESTES and another.

July 29, 1884.

**Taxes — Preparation and Publication of Forfeited Tax-List — Laws 1881, c. 135.**—In the preparation and publication of the forfeited tax-list under Laws 1881, *c.* 135, the same, though directed to be appended to the regular delinquent list, might also be separately designated in the record, and accompanied by a separate summons or notice specially referring thereto. And where such notice was regular and proper in form, and, together with the accompanying list, was annexed to the delinquent list, and formally published therewith for the requisite time, in the proper newspaper, which was separately designated for the publication of such forfeited list by the county auditor, who was entitled so to designate a paper for the publication of both lists, (but who had omitted to make such designation for the delinquent list,) *held,* a valid publication as to the forfeited list, of which owners of lands therein were bound to take notice.

**Same—Irregular Notice of Sale.**—That the auditor published the notice of sale upon the judgment against such lands for the same day as that upon the delinquent·list, (being the date fixed by law for the latter,) where the sale in fact immediately followed that upon the delinquent list, did not render such sale void, and the irregularity, if any, was cured by the limitation clause in section 7 of the act.

**Same — Judgment Erroneously Including Tax for Other Years.**—Where a judgment entered in pursuance of such act properly included the delinquent taxes for certain years, but erroneously those of other years, *held,* not invalid for such error; following *Kipp* v. *Dawson,* 31 Minn. 373.

Appeal by plaintiff from a judgment of the district court for Hennepin county, entered on the report of Hon. John M. Shaw, referee.

*Harvey Officer* and *Chas. N. Bell,* for appellant.

*Byrnes & Byrnes,* for respondent.

VANDERBURGH, J. The plaintiff's testator was the owner of the land in controversy, subject only to the claim and interest of the defendant, acquired as purchaser thereof at the tax sale of forfeited lands, pursuant to Laws 1881, *c.* 135. He had omitted to pay the taxes thereon from 1873 to 1880, inclusive. It is found by the ref-

eree who tried the cause, that a tax judgment, regular in form, was entered against this tract of land, in the district court of Anoka county, under this act, and that on the 29th day of September, the county auditor, in pursuance of the judgment, sold the same to the defendant, as the highest bidder, and issued to him, in the statute form, a certificate of sale thereof. It is contended by the plaintiff that certain errors affirmatively appear in the proceedings, which make the sale void, and entitle him to have it set aside, notwithstanding the fact that this suit was not brought until after the expiration of nine months from the date of the sale.

1. It is claimed that the taxes for certain years were improperly included in the judgment. This may be conceded, certainly, in so far as the taxes of 1879 and 1880 are concerned; yet it is not denied that a judgment for some amount, embracing the taxes for several years, would have been proper, if the proceedings were otherwise regular. But this point was disposed of in *Kipp* v. *Dawson*, 31 Minn. 373, where it was held not to be a jurisdictional defect, and that the question of the amount of the judgment was to be determined in the proceeding in which it was rendered, and that the objection should have been taken there.

2. No newspaper was designated, as provided by law, for the publication of the regular delinquent list for that year; but a newspaper was duly designated for the publication of the forfeited list, and both lists were formally and regularly published together, for the time required by law, in the paper so designated, which was a proper newspaper so to be selected under the general law. It also appears that, in such publication, the forfeited list immediately followed the delinquent list, each, however, having its separate verification and heading, and each being preceded by a summons or notice. It is insisted that it was improper to separate the lists in this way, because the auditor was required to make out and append the forfeited list to the delinquent list, and that to so sever it would be to make it a separate and independent list. The act of 1881 gives no other or more specific directions in the premises than that (§ 2) "the same proceedings shall be had with reference to advertisement, judgment, and sale of the property described in such forfeited lists as are required by the

general tax law for advertisement, judgment, and sale of property described in the regular delinquent lists." It is clear enough from this that a lawful and proper designation of a newspaper for the delinquent list would be sufficient for both lists, which were to be published together in the same paper; but an express designation of both lists would also be proper. And the validity of the publication of the forfeited list would not be affected by the fact that following the delinquent list there was a separate verification, succeeded by a separate heading and summons for the forfeited list, though it be conceded that the heading and summons for the delinquent list might be so framed as to cover both. This would be a matter of form. It is none the less appended and published, in substantial conformity with and for the purposes of the act, because it is separately designated and is complete in itself.

The only question of importance, then, affecting the validity of the judgment, is the omission, above stated, to designate the newspaper for the delinquent list. But the purpose of the act to enforce the collection of the taxes embraced in the forfeited list is not to be defeated by a narrow and technical construction. If, for example, there had been no delinquent list at all for that year, it would then still have been the duty of the auditor to have proceeded with the preparation, publication, and sale of the forfeited list, in the manner provided by the general law. So there might be fatal defects running through the delinquent list not reaching the appended list; and so also, in designating a paper intended for both lists, the auditor might misdescribe or misstate the year for the delinquent list, and accurately describe and designate in the same notice the forfeited list. Or, as in this case, he might omit the delinquent list and accurately state the forfeited list, in designating the paper, and thereupon, if the summons and proceedings were otherwise complete and regular, as affecting such forfeited list, we think the publication should be regarded as *pro tanto* a valid one, of which land-owners would be bound to take notice. It was an authoritative publication of the forfeited list in a newspaper, designated therefor by the auditor, who, it is not disputed, had the right to make such designation.

It was the duty of the auditor to publish both lists. He published
v.32—24

the same together in fact and form in a paper designated for the forfeited list, but not selected or formally designated for the delinquent list. It was properly filed as a complaint, the summons or notice accompanying it was sufficiently definite, and objections or defences which might be interposed as to lands in the delinquent list do not necessarily have any application to this. For convenience and economy the publication of the two lists, and the sale of the lands, were to be joined together; but even if, together, they were deemed to constitute a joint or consolidated list, it does not follow that there might not be a valid publication of this portion thereof, and a judgment *pro tanto* good.

As respects the objection that the auditor did not file with the clerk of the district court the writing designating the paper in which the lists were published, it is sufficient to say that this appeal comes here upon the findings of the referee, and there is no finding on that question.

3. There was sufficient warrant, therefore, for the entry of judgment against the lands contained in the forfeited list, and the auditor had jurisdiction to sell. He proceeded to post and publish a notice of sale upon each judgment for the 19th day of September, 1881. The statute gives no specific direction in respect to the notice for the forfeited sale. It is simply provided that such sale should be made immediately following the delinquent sale. Now, it is enough for the purposes of this act that it should immediately follow an actual sale of the lands in the delinquent list, made at the proper date and upon the proper notice, whether the delinquent sale were valid or not, just as it is sufficient that the forfeited list be appended to a delinquent list, whether regularly made up or not; and whether the notice was separate, or combined with the notice for the delinquent sale, would not be material. There is nothing to show, and it is not pretended, that this sale did not immediately follow the delinquent tax sale. And it does not seem to us to be very material whether the notice should state that such sale would immediately follow the regular sale, or, as in *Kipp* v. *Dawson*, 31 Minn. 373, it should have fixed a day next after the close of the latter, or, as in this case, the opening day of the sale, since, by the terms of the act, the sale upon the forfeited list

could only proceed when reached in its order, as in the case of different portions of the delinquent list. If this, however, is a defect or irregularity, it is clearly cured by the limitation clause in section 7 of the act in question. It was entirely competent for the legislature, in the same act authorizing the sale, not only to provide the time and mode of conducting the sale, but also that the sale should not be invalidated by a defective notice, unless the objection thereto should be taken in the proper proceeding within a time limited.

Judgment affirmed.