THE MICHIGAN DAIRY COMPANY v. ROBERT McKINLAY.

*Taxes—Assessment in alternative—Acquiescence of owner.*

Where the property of a corporation was assessed in its name and that of its business manager in the *alternative*, which tax was paid without objection, and a *like* assessment was made the following year, and the real estate tax was paid, but the payment of the personal estate tax was refused on the ground that the assessment was illegal, and the property of the corporation was sold to satisfy said *latter* tax, no one was harmed by such *alternative* assessment, which was virtually acquiesced in by the payment of the prior year's tax and the real estate tax for the following year, and the case falls within the curative statute (Act No, 153, Laws of 1885, § 89), and is also ruled by the case of *Lumber Co. v. Collins*, 66 Mich. 64.

Error to Newaygo.   (Fuller, J.)   Argued May 18, 1888. Decided June 8, 1888.

Trover.   Plaintiff brings error.   Affirmed.   The facts are stated in the opinion.

*W. D. Fuller*, for appellant.

*George Luton*, for defendant.

MORSE, J.   The plaintiff in this suit is a corporation,

organized under the laws of this State in September, 1884, and owns and operates a large farm in the township of Ashland, Newaygo county. There were kept on this farm stock of various kinds. The business office of the corporation was in the village of Newaygo, in charge of James Heath, as agent, who there kept a record of the cattle and other property of the corporation upon said farm. Its officers resided in Grand Rapids, Mich.; D. P. Clay of that city being managing director.

In 1885 the supervisor of the township of Ashland assessed this farm and the property upon it on his roll, in the name of "D. P. Clay or Michigan Dairy Company." The taxes levied upon such assessment were paid without objection. In 1886 the property was again assessed to "D. P. Clay or Michigan Dairy Company." The plaintiff, through D. P. Clay, its agent, paid the taxes levied upon the real estate, but refused to pay those assessed against the personal property. Thereupon the defendant, as township treasurer, levied upon three heifers, the property of the plaintiff, then being upon the farm, to satisfy said tax. The plaintiff sued in trover for the value of the property before a justice of the peace. The justice gave judgment for the defendant. Upon appeal to the circuit, judgment was also rendered for the defendant. Plaintiff brings error.

The plaintiff's counsel claims that the property being assessed in the alternative to "D. P. Clay or Michigan Dairy Company," and the treasurer's warrant commanding him also to collect the tax of "D. P. Clay or Michigan Dairy Company," the levy upon the property, and the taking of the same, was illegal; the tax thus assessed being void, because no person is named as the owner or occupant of the property assessed, but the assessment is against one of two persons, leaving it discretionary with the treasurer to determine from which one he will collect the tax.

There is no dispute but that the property assessed belonged

to the plaintiff. It was assessed in no other place. It is not claimed that the assessment was fraudulent or the tax unjust. It also appears that when the supervisor, in the spring of 1886, went to the farm for the purpose of taking the assessment, he found one Daniel M. Adams in charge of the same, who, it is admitted, represented the plaintiff. The supervisor inquired of Adams concerning the assessment, saying to him that he understood the firm name had been changed, and asked him what name he should use in making the assessment. Adams told him:

"It is one and the same thing; it can make no difference. Michigan Dairy Company or D. P. Clay is sufficient, in my estimation."

It will be seen that the property of the plaintiff was taken and sold to satisfy a tax against its property. No one was harmed or prejudiced by the naming of the owner of the property in the alternative; and the plaintiff virtually acquiesced in the designation, by paying, without objection, the tax for the year 1885, by the language of its agent when the assessment was made, and also in paying the tax assessed against the real estate for the year 1886.

This property assessed, being upon the farm, was properly assessed in the township of Ashland, where the farm was situated. The fact of the plaintiff being a corporation, and having its business office in the village of Newaygo, township of Brooks, did not affect the place of assessment in this case. See subdivisions 1, 2, § 11, p. 177, Laws of 1885.

We think that this case comes fairly within the curative statute, which provides, among other things, that—

"No tax assessed upon any property, or sale therefor, shall be held invalid    *    *    *    on account of the property having been assessed without the name of the owner, or in the name of any person other than the owner." Laws of 1885, Act No. 153, § 89.

The case is also clearly within the ruling and opinion of

this Court in *Petrie Lumber Co. v. Collins,* 66 Mich. 64 (32 N. W. Rep. 923).

The judgment is affirmed.

The other Justices concurred.