### BROD DEMARS v. CHARLES F. CONRAD.

*Log lien—Verdict—Personal judgment.*

In this case so much of the judgment as makes it a lien upon defendant's logs is reversed, the jury having failed to find that the sum found due was for labor and services performed upon the logs described in the declaration, or was a lien thereon.

Error to Marquette. (Grant, J.) Argued October 31, 1888. Decided November 28, 1888.

Attachment proceedings under log-lien law of 1887. Defendant brings error. Judgment reversed in so far as it is made a lien upon defendant's logs, and affirmed as a personal judgment. The facts are stated in the opinion.

*F. O. Clark,* for appellant.

*A. B. Eldredge,* for plaintiff.

CAMPBELL, J. Plaintiff brought an attachment pro-
ceeding under the log-lien law of 1887 (Laws of 1887, p.
279), and seized a lot of logs belonging to defendant to
satisfy an alleged claim for hauling a lot of old saw-logs,
and cutting and hauling a lot of new ones, which were
alleged to be at defendant's mill near the Dexter mine,
in the township of Ely, in Marquette county. The claim
of lien was filed February 25, 1888, and the amount
claimed in that and in the declaration was $1,050. The
declaration was special, and in the form authorized by the
statute.

On the trial it was sworn that in the fall of 1887, but
on what day or precise time is not shown by plaintiff,
defendant employed plaintiff to haul to mill a lot of old
logs at Clarksburg, for a fixed sum of $650, as plaintiff
claimed, and $600, as defendant claimed. These logs were
all hauled and the job completed more than 30 days before
the notice of lien was filed.

Subsequently an agreement was made to cut and haul
new logs, at, as plaintiff claims, $4 for long logs and
$3.50 for short logs. There was considerable dispute as
to what land was to be cut upon, and some further dis-
pute whether there was not a special contract for cutting
logs upon certain lands only, and whether the other logs
cut and delivered were not cut without directions or con-
tract. The jury found that the logs, which defendant
claimed to be distinct by contract from the rest of the
new ones, were hauled and delivered more than 30 days
before the notice was filed.

On the trial certain claims not connected with work on
logs were introduced, and the jury found a general ver-
dict of $1,424.91 for plaintiff. The jury did not find,

as required by section 12 of the statute, that the sum found was due for labor and services performed upon the products described in the declaration, or was a lien thereon.   The court below, however, rendered judgment for the whole amount, and made all of it a lien on the property.

It is impossible to sustain this judgment.   Not only does the statute confine these special proceedings to claims for services upon logs and forest products, but the declaration set out nothing else, and claimed some $400 less than the sum found by the jury.   Even if it had been broad enough to claim this full amount for such services, there was no pretense on the trial that the work done on logs exceeded what was set out in the claim of lien.   The verdict did not discriminate between what was allowed for one thing and what for another, and, as already suggested, did not find that any part of the sum was a lien on the logs, or any part of them.   And there was testimony inconsistent with any lien.

As the judgment must be reversed, it is necessary to consider some other questions.   The circuit judge left it to the jury whether or not the contract for hauling the old logs and that for cutting and hauling the new were in fact one contract.   It is hard to find any testimony showing no more than one agreement; but there was no finding on this, as there was no finding of a lien at all. The judge charged them concerning the separation claimed by defendant to exist between two sets of long and short new logs, included in a January statement, and the balance of the new logs.   But the question allowed to be put to the jury, and answered by them, as to these logs, was not, by their general verdict, settled at all as bearing on a lien.   The judge charged that no lien existed for logs cut without authority, and none for any job finished more than 30 days before the claim was filed.

The jury found that the old logs and the logs which defendant admitted he contracted for were delivered too early to sustain a lien.    The failure to find any lien for any of the logs was on this record equivalent to finding that none existed, and left the judgment to be entered on it as a mere personal judgment under section 12, and not judgment for a lien.

We do not find any assignment of error aimed at the mere amount of the judgment as excessive apart from the lien, and upon the trial the parties consented to let in the entire dealings, and we do not discover that the jury were misdirected on that head.    The amount found due was warranted by the evidence, and we do not think there was any such error in admitting testimony as should set aside that result.

The judgment will be sustained as a personal judgment, but so much of it as makes it a lien must be reversed.    Defendant is entitled to costs of this Court, and the costs of plaintiff below must exclude the costs specified under section 12, and incident to the proceedings to create and enforce a lien, but not allowed where no lien is found.

The statute prescribes no method of compensating the defendant in this proceeding for his damages suffered by the seizure and detention of his property, and whether there is any other remedy we shall not inquire.    No question is to be regarded as decided under the statute beyond what we have designated.

The other Justices concurred.