SAMUEL C. McQUADE *vs*. EDWARD S. JAFFRAY.

November 10, 1891.

**Taxes—Published List—Statement of Ownership.** — In proceedings to enforce real-estate taxes, the fact that the ownership of the land is erroneously stated in the published list will not invalidate the judgment.

**Same—Description of Land.**—It is a sufficient description of land to state the township and range in headings or cross-lines, instead of opposite the descriptions of the subdivisions of sections, provided it clearly appears from the published list whether the cross-line refers to the descriptions following or those preceding it.

**Same—Date of Sale—Discrepancy between Certificate and Entry.**— Where there is a discrepancy as to the date of sale between the certificate of sale issued by the auditor and the entry made by him after the sale in the "copy judgment-book," in the absence of any other evidence as to which is correct, the certificate of sale must control; at least, where no question is involved as to when the right of redemption expires.

**Same — Forfeited List under Act of 1881 — Publication.**—In proceedings to enforce taxes for 1879 and prior years, under Laws 1881, *c.* 135,

the mere fact that the forfeited list was not published in immediate connection with the delinquent list (the space of half a column intervening in this case) did not invalidate the publication.

Ejectment for lands in St. Louis county, brought in the district court for that county and tried before *Stearns*, J., who ordered judgment for plaintiff. The defendant appeals from an order refusing a new trial.

*Draper, Davis & Hollister,* for appellant.

*Wm. W. Billson,* for respondent.

MITCHELL, J.[1] The plaintiff claims the premises in controversy under two tax titles,—one under a sale in 1881 for the taxes of 1879 and prior years, and the other under the regular sale in 1882 for the taxes of 1881. Both tax titles were held good by the court below; but of course, if either is good, the order appealed from must be affirmed.

1. In the proceedings before judgment, in both the original and published lists, the name of the owner was given as E. S. Jeffrey, instead of E. S. Jaffray, which was his correct name, and the one in which the title stood of record. It does not appear in whose name the land was assessed, but presumably the same as in the lists. This error in the name of the owner is claimed to be fatal to the validity of the tax judgments in view of the provisions of Laws 1881, *c.* 135, § 1, and Gen. St. 1878, *c.* 11, § 70, that the name of the owner shall be given if known, and if unknown it shall be so stated. Under our statute proceedings to enforce the collection of real estate taxes are purely *in rem.* They are against the land, and not against the owner. The notice is addressed, not to the persons named in the list as owners, but to all persons who have or claim any interest in any of the tracts described in the list; and they are notified that, in case of default, judgment will be entered, not against them personally, but against such pieces or parcels of land. The judgment is against the land, and the name of the owner is not required to appear at all. It is elementary that no reference to the name of the owner is necessary in proceedings *in rem.* It is, however, a common practice in such

[1] Collins, J., took no part in this case.

proceedings to give the name of the owner, if known, "for frankness' sake," to increase the chances of his attention being called to the notice. The provisions of our statute on the subject are but declaratory of this established practice, and are to be construed as merely directory. The essential thing in such proceedings is the description of the *res*, (the land,) and this is complete without the name of the owner. We think it has been the uniform understanding, ever since our present statute was adopted, that no error or omission in stating the name of the owner affected the jurisdiction of the court over the land. In several cases, as in *Western Land Association* v. *McComber*, 41 Minn. 20, (42 N. W. Rep. 543,) it appeared that the ownership of the land was erroneously stated in the published list; but no suggestion was ever made that this invalidated the judgment. Any such rule would subvert the whole policy of our tax law. The statute nowhere makes it the duty of assessors or county auditors to search the records with a view of ascertaining the names of the real owners. Such a search would impose upon them an impossible labor, and, even if it were possible to perform it, it would often still remain a doubtful question of law who was the real owner; for as said in the *McComber Case*, the ownership of land is often a matter of grave doubt and uncertainty. The cases cited by appellant from other jurisdictions are not in point, as they all arose under systems of tax procedure essentially different from ours, and in many instances distinctly *in personam*.

2. The next point (also common to both tax titles) is that the land was insufficiently described in the published lists. The objection urged is that the township and range in which the land is situated were indicated by headings or cross-lines, instead of by figures opposite the number of the section, name of owner, and amount of tax. Immediately after the notice prefixed to the list appeared one of these headings or cross-lines, (Duluth proper,) then followed certain descriptions, then another heading or cross-line, then other descriptions, and so on down until there appeared, in a heading or cross-line, the township and range in which this land is situated, followed by descriptions of certain government subdivisions of sections, among which is contained the one in controversy. This mode of description

in the published lists is in accordance with a universal practice, which has been frequently recognized by this court as sufficient. See *Kipp* v. *Fernhold*, 37 Minn.132, (33 N. W. Rep. 697;) *Chouteau* v. *Hunt*, 44 Minn. 173, (46 N. W. Rep. 341;) *Sperry* v. *Goodwin*, 44 Minn. 207, (46 N. W. Rep. 328.) In *Olivier* v. *Gurney*, 43 Minn. 69, (44 N. W. Rep. 887,) relied on by defendant, the decision was placed upon the ground that from the record before us it was impossible to say whether the cross-line referred to the descriptions preceding or those following it. The difference between the description in that case and the one in this is well put by the illustration suggested by plaintiff's counsel. If you look at a single pigeon-hole in the middle of a case, it is impossible to tell whether the number refers to the hole above it or to that below it; but the doubt is readily solved by a glance at the upper row to see whether the numbers are over or below it. We think the description was sufficient. It is impossible, especially in view of the universality of this mode of description in the published lists, that any one of ordinary intelligence could be misled or left in doubt as to what land was meant.

3. Objection is made to the validity of the forfeited sale in 1881 because the certificate of sale is dated September 28th, and states that the land was sold to plaintiff on that date, while the record in the county auditor's office states the date of the sale as September 29th. From this the defendant assumes that it appears that the certificate was issued one day before the land was in fact sold. But we think the facts do not warrant the assumption. We know of no provision of statute or rule of law that makes the record of the sale, made up by the auditor afterwards, conclusive as against the solemn recitals contained in the certificate of sale. In the absence of any other evidence, we think the statements contained in the certificate must be taken as correct, and control. Had the defendant had the right to redeem from this sale, and sought to do so, and the question had arisen when the time for redemption would expire, possibly another question would have been presented. Nor are we called upon to decide what would have been the effect had it been proved that the certificate misstated the day of sale. We may suggest, however, that the case is capable of being distinguished from *Gilfillan* v.

*Hobart,* 35 Minn. 185, (28 N. W. Rep. 222.)   In that case no date
of sale was stated in the certificate, and the sale was one from which
there was a redemption; in which case, as will be readily seen, ac-
curacy in stating the date of sale is much more important than in the
"forfeited" sale of 1881, from which there was no redemption.   The
testimony of plaintiff showed that the certificate was not in fact ex-
ecuted to him until after he had bid in the property.   This evidence
was properly admitted.   *Pigott* v. *O'Halloran,* 37   Minn. 415, (35
N. W. Rep. 4.)

4. The only other objection made to the title acquired under the
"forfeited sale" of 1881 is that the published forfeited list was not
*appended* to the published delinquent list.   As we understand the
facts, both lists were published in the same issues of the same
paper, each being complete in itself, and having the proper notice
prefixed and verification attached; but the one did not immedi-
ately follow the other, there being about half a column of other
matter between the two lists.   Section 1, *c.* 135, Laws 1881, pro-
vided that at the time of making out the list of delinquent taxes
for that year, the county auditor should make out and append to
such list a list of all taxes which appeared to have become delinquent
in 1879 or any prior year.   Section 2 provided that the same pro-
ceedings should be had with reference to the advertisement, judg-
ment, and sale of the property described in such "forfeited" list, as
required by the general tax law in the case of the regular delinquent
list, but that a separate judgment and judgment-book should be pro-
vided for the forfeited list.   While, as has been suggested in *Kipp* v.
*Dawson,* 31 Minn. 373, (17 N. W. Rep. 961, and 18 N. W. Rep.
96,) and *Coffin* v. *Estes,* 32 Minn. 367, (20 N. W. Rep. 357,) the
statute evidently contemplated that the two lists were, for conven-
ience, to be published together, and the sale on one immediately
follow the sale on the other, yet the two proceedings were really sep-
arate, and culminated in separate judgments, and the validity of
the publication of one list would not necessarily be affected by the
invalidity of the publication of the other, or the omission to publish it
at all.   *Coffin* v. *Estes, supra.*   It therefore seems to us that where,
as in this case, there was a publication of the forfeited list, preceded

by the proper notice and followed by proper verification, the mere fact that it was separated from the delinquent list by certain extraneous matter did not render the publication invalid. The fact that the intervening space was occupied with other matter, instead of being left blank, does not seem to us to be important.

Our conclusion that none of the objections to the tax title acquired under the forfeited sale of 1881 are well taken renders it unnecessary to consider any of the objections made specially to the title acquired under the tax sale of 1882.

Order affirmed.