64 309
66 428

## LAURA L. WRAY v. ISAAC W. LITCHFIELD and Others.[1]

### May 5, 1896.

### Nos. 9837—(45).

**Tax Sale—Undivided Interest—Assignment of Tax Title.**

C. owned an undivided one-half of a certain tract of land, which was taxed in the name of his grantors, he never having recorded his deed. He also held a void tax deed on the other one-half, which was separately taxed in his name. The tax became delinquent, and judgment was entered for the same. Thereupon he paid the tax on an undivided one-half, intending to pay it on the former half, but the treasurer wrote opposite the entries

[1] Reported in 67 N. W. 72.

as to the latter one-half, "Judgment satisfied"; the other half was sold at tax sale, bid in by the state, and the words "Bid in for state" written opposite the entries as to that half in the judgment book. Subsequently, C. took a state assignment of this tax title, supposing it covered the undivided one-half last above mentioned. *Held*, it did not.

**Tax Proceedings—Undivided Interest.**

    *Held*, further, the names given in the tax proceedings as those of the owners of the two undivided halves furnished earmarks by which to distinguish the one half from the other.

Appeal by defendants Melvin J. Clark, who disclaimed any interest in the lands in controversy, and Clark & Scudder Lumber Company, from a judgment of the district court for Carlton county, in favor of plaintiff and against said defendants, entered in pursuance of the findings and order of Charles L. Lewis, **J.** Affirmed.

*Cash, Williams & Chester*, for appellants.

*Wilson & Wray*, for respondent.

CANTY, J. In a statutory action to determine adverse claims to the undivided one-half of a certain parcel of land, plaintiff had judgment, and the defendant lumber company appeals.

In 1881 the original or patent title to an undivided one-half of the land in controversy was held by plaintiff's grantors, and the other undivided one-half by Clifford & Maxfield. M. J. Clark received a void tax deed to the first-mentioned one-half, which he placed on record, and that one-half was transferred to him for taxation on the auditor's books. The next year each undivided one-half of the land was assessed separately. The taxes remained unpaid, and each half was entered separately in the tax judgment book. The name of owner given for one undivided one-half is "M. J. Clark"; and for the other "Clifford & Maxfield." The former half is marked "Judgment satisfied"; the latter, "Bid in for state." Subsequently, Clark took a state assignment of the tax title thus arising, and thereafter conveyed it to appellant. The effect of this tax title is the question raised on this appeal.

In May, 1882, Clifford & Maxfield conveyed their one-half of the land to Clark, but he did not place his deed on record until November, 1882. In September, 1883, Clark, as he claims, undertook to pay the amount of tax so entered in the tax judgment book against the Clifford & Maxfield half, which he had so purchased;

but the treasurer, it would seem, entered it as a payment on the undivided one-half opposite Clark's name, and marked the same "Judgment satisfied," as aforesaid. Subsequently, Clark took an assignment of the state's interest under the tax sale under that judgment of the other half, as already stated, supposing it was on this half on which he already held said void tax deed, but which we will have to hold was on his own land, that he had bought of Clifford & Maxfield.

Appellant now insists that, because Clark thought he was paying the taxes on his own half, we should hold that he was, and, because he thought he was buying a tax title on plaintiff's half, we should hold that he was. But we cannot see the logic, at least of the latter proposition, or how we are going to order a nunc pro tunc tax sale, and state assignment to Clark of plaintiff's half, for the purpose of correcting the mistakes both of Clark and the county treasurer. It is true, as contended by appellant, that the failure to state in the tax judgment the name of the true owner does not affect the jurisdiction of the court, or constitute an irregularity in the proceedings. McQuade v. Jaffray, 47 Minn. 326, 50 N. W. 233. Appellant contends that, for this reason, the name given in the tax proceedings as that of the owner of one or the other undivided half cannot furnish an earmark by which to distinguish the different halves from each other. We cannot agree with appellant. If some other distinguishing feature existed, it might perhaps be more controlling; but, in the absence of any other more controlling feature or circumstance by which to distinguish the one undivided half from the other in the tax proceedings, we are of the opinion that the names given as those of the owners may be resorted to.

This disposes of the case, so that it is not necessary to consider the other questions raised.

Judgment affirmed.