JOHN HERTZLER *v.* L. R. FREEMAN, ET AL., AND CASS COUNTY.

Opinion filed July 1, 1903.

**Tax Not a Personal Obligation, Mere Charge on Land.**

    1. A tax imposed upon real estate pursuant to the provisions of chapter 126, p. 256, of the Laws of 1897, does not create a personal obligation against the owner, but is merely a charge against the land.

**Assessment in Name of Owner, Merely Directory.**

    2. The provisions of said chapter requiring real estate to be assessed in the name of the owner are directory.

**Failure to Assess in Owner's Name Does Not Render Tax Void.**

    3. Construing section 81 of said chapter, which provides that "no sale of real estate for taxes shall be considered invalid on account of the same having been charged in any other name than that of the rightful owner," in connection with other provisions of the act, it is *held,* that an assessment of real estate in the name of another than the owner does not render the tax void.

Appeal from District Court, Cass county; *Charles A. Pollock,* J. Action by John Hertzler against the county of Cass and others. Judgment for defendants, and plaintiff appeals.

    Affirmed.

*Newman, Spalding & Stambaugh,* for appellant.

    The statutory requirement, that taxes on land be assessed in the name of the owner, if known, and if unknown to so state, is for the benefit of the tax-payer, and is mandatory, and failure to so assess is fatal to the tax. *Roberts* v. *First National Bank of Fargo,* 8 N. D. 504, 79 N. W. Rep. 1049; *Sweigle* v. *Gates,* 9 N. D. 538, 84 N. W. Rep. 481; *Eaton* v. *Bennett,* 10 N. D. 346, 87 N. W. Rep. 188; *Himmelman* v. *Stiener,* 38 Cal. 175; *People* v. *Whipple,* 47 Cal. 591; *Smith* v. *Davis,* 30 Cal. 537; *Smith* v. *Cofran,* 34 Cal. 310; *Hughes* v. *Reese,* 40 Cal. 255; *Beidleman* v. *Brooks,* 28 Cal. 72; *Kelsey* v. *Abbott,* 13 Cal. 609; *Grotenfend* v. *Ultz,* 53 Cal. 666; *Gwynn* v. *Dierssen,* 36 Pac. Rep. 103; *Klumpke* v. *Baker,* 68 Cal. 559, 10 Pac. Rep. 197.

*Emerson H. Smith* and *Edward Engerud,* for respondents.

The name of the owner of the land taxed is not essential to its valid assessment under the state revenue laws. *Sweigle* v. *Gates,* 9 N. D. 538, 84 N. W. Rep. 481, is not applicable, as it was rendered under the territorial law, which provided a system unlike that under Chap. 126, Laws of 1897. Under the state system, the proceeding is *in rem;* while under the territorial law it was *in personam.* The distinction between the two systems is pointed out in Burroughs on Taxation, chapter 2, section 95. See also Cooley on Taxation, p. :275. The personal liability theory prevails in California. *Kelsey* v. *Abbott,* 13 Cal. 609; *Taylor* v. *Palmer,* 31 Cal. 240. In Massa-chusetts, *Sargent* v. *Bean,* 7 Gray 125; *Peas* v. *Whitney,* 5 Mass. 380; *Green* v. *Croft,* 6 Cush. 70; *Alvord* v. *Collin;* 20 Pick. 418; In New York *Newell* v. *Wheeler,* 48 N. Y. 486; *Whitney* v. *Thomas,* :23 N. Y. 284; *Cottle* v. *Cary,* 70 N. Y. S. 129. In Oregon, *Tracy* v. *Reed,* 38 Fed. 69.

The Supreme Court of Nebraska points out the difference between tax *in personam* and *in rem.* *Lyman* v. *Anderson,* 2 N. W. Rep. 732; *Grant* v. *Bartholomy,* 78 N. W. Rep. 314.

YOUNG, C. J. This is an action to quiet title to 160 acres of land situated in Cass county. The plaintiff alleges that he has a lien thereon, consisting of a mortgage, upon which a judgment of foreclosure has been entered; that the defendants claim certain estates or interests in or liens or incumbrances upon the same adverse to the plaintiff; and prays that they may be required to set forth their claims, to the end that their validity and priority may be determined, and that title may be quieted in the plaintiff. L. R. Freeman, R. E. Fleming, the Richards Trust Company, and Cass county were made defendants. The three defendants first named made default. Cass county served notice of appearance, but did not answer within the statutory period. Judgment was entered by default quieting title in the plaintiff as against the three defendants first named, and also declaring that the defendant Cass county had no interest in or lien upon the premises for taxes assessed and levied for the years 1900 and 1901. Thereafter the state's attorney of Cass county, upon his affidavit, procured an order to the plaintiff to show cause why the judgment should not be vacated. The application to vacate the judgment was granted. The plaintiff then obtained leave to serve and file a supplemental complaint, alleging that since the commencement of the action the county of Cass

claims to have acquired a new and additional lien upon the premises. adverse to the plaintiff, and asked that it be required to set the same forth, that its validity and superiority might be determined. Cass county answered, alleging that the premises in question were duly and regularly assessed for taxation in the years 1900 and 1901, and. taxes levied thereon for said years; that the same are still of record against said land, and are unpaid, and constitute liens upon the land, and asks that the taxes for both of said years be adjudged and decreed to constitute liens upon said premises. The trial court made and filed findings of fact, and as conclusions of law found that the premises were duly and lawfully assessed in the years 1900 and 1901, and that the taxes for said years constitute valid liens thereon, and that the defendant is entitled to a judgment dismissing the plaintiff's complaint as to the defendant Cass county. From the judgment so entered the plaintiff appeals.

Appellant claims that the taxes for the years 1900 and 1901 are void for want of a valid assessment. It is conceded that in both years the land was assessed to L. R. Freeman, and that he was not the owner of the land. Does this fact render the assessment void? We are agreed that it does not. The assessments were made under chapter 126, p. 256, Laws 1897. A real estate tax imposed under this act does not become a personal obligation against the owner, but is merely a charge against the land itself. In other words, the entire tax proceedings as to real estate are *in rem,* and not *in personam.* There is no provision in our state constitution which requires that real estate shall be assessed in the name of the owner. It was entirely competent, then, for the legislature to provide that real estate should be assessed without any reference whatever to the name of the owner; that is to say, by any such description or method as would have been legally adequate to convey either actual or constructive notice to the owner (*Castillo* v. *McConnico,* 168 U S. 674, 18 Sup. Ct. 229, 42 L. Ed. 622), and to declare that land "shall be chargeable with taxes, no matter who is the owner, or in whose name it is assessed and advertised, and an erroneous assessment does not vitiate a sale for taxes." (*Witherspoon* v *Duncan,* 4 Wall. 217, 18 L. Ed. 339). Section 179 of the state constitution provides that "all property * * * shall be assessed * * * in the manner prescribed by law." This section gives the taxpayer a constitutional right to have the mandatory provisions of the law regulating assessments complied with. Are the

provisions of the act of 1897, in so far as they require an assessment of real estate to be made in the name of the owner, mandatory? Counsel for appellant contend that they are, and that there can be no valid assessment of real estate unless made in the name, of the owner. We are of a contrary opinion. It will be noted at the outset that the act of 1897 does not, in express language, command assessors to list real estate in the name of the owner, as did section 1548, Comp. Laws, which was construed in *Sweigle* v. *Gates,* 9 N. D. 538, 84 N. W. 481. While it is true that the assessor is not specifically directed to list real estate in the name of the owner, there are certain other provisions contained in the act which make it clear that it was intended that he should do so. For instance, section 31 requires the county auditor to prepare and deliver to the assessor assessment books "showing the name of owners if to him known, and if unknown so to state." Section 106 provides for a notice of expiration of redemption "to the person in whose name such lands are assessed." Both of these sections assume that the assessment of real estate is to be in the name of the owner. It is quite clear, however, that the use of the owner's name under this act is essentially for the guidance of the taxing officers, and for the purpose of securing system in the tax proceedings; and that it is not essential to a valid assessment. The requirement is, therefore, not mandatory. The rule is that regulations designed to secure order, system and dispatch in tax proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected, are not usually regarded as mandatory, unless accompanied by negative words importing that the act required shall not be done in any other manner or time than as designated. *French* v. *Edwards,* 13 Wall. 506, 511, 20 L. Ed. 702; Cooley on Taxation (2d Ed.) 233. This act contains no words importing that the assessment shall not be made in any other manner than to the owner. The reverse is true. Section 78 enumerates the only grounds which, according to the legislative intent, will defeat a tax sale. The failure to assess in the name of the owner is not one of the grounds. The fact that the legislature did not intend that the failure to assess real estate in the name of the owner should be fatal to the tax is also shown by section 1241, Rev. Codes, which authorizes a change and correction of the name after the assessment roll has been completed. There is a further provision, however, which places the immateriality of an error in assessing real estate to another than

the owner beyond question. Section 81 of this act, in referring to tax sales, expressly provides that "no such sale of real estate for taxes shall be considered invalid on account of the same having been charged in any other name than that of the rightful owner." This provision has been in force in Minnesota since 1874, and, while it refers to the avoidance of the tax sale, it applies generally to the charge of the tax. Jaggard on Taxation, 364. Statutes substantially similar are now in force in many states, and they are uniformly construed as rendering an error in naming the owner of no consequence. *Lake County* v. *Sulphur Bank Quicksilver Min. Co.,* 66 Cal. 17, 4 Pac. 876; *Landregan* v. *Peppin,* 86 Cal. 22, 24 Pac. 859; *Haight* v. *The Mayor,* 99 N. Y. 280, 1 N. E. 883; *Haight* v. *The Mayor,* 32 Hun. 153; *Petrie Lumber Company* v. *Collins,* 66 Mich. 64, 32 N. W. 923; *Hill* v. *Graham,* 72 Mich. 659, 40 N. W. 799; *Bradley* v. *Bouchard,* 85 Mich. 18, 48 N. W. 208; *Michigan Dairy Company* v. *McKinlay,* 70 Mich. 574, 38 N. W. 469; *McQuade* v. *Jaffray,* 47 Minn. 326, 50 N. W. 233; *Cobban* v. *Hinds,* (Mont.) 59 Pac. 1; *Merrick* v. *Hutt,* 15 Ark. 332; *Kinsworthy* v. *Mitchell,* 21 Ark. 145; *Garibaldi* v. *Jenkins,* 27 Ark. 453; *Cooper* v. *Jackson,* 71 Ind. 244; *Stilz* v. *City of Indianapolis,* 81 Ind. 583; *Schrodt* v. *Deputy,* 88 Ind. 90. In *McQuade* v. *Jaffray, supra,* in the original and published lists, which served as the basis for a tax judgment, the name of the owner was given as "E. S. Jeffray" instead of "E. S. Jaffray," which was the correct name. It was assumed in the opinion in the case just referred to that the land was assessed in the same way. The Minnesota statute required "that the name of the owner shall be given if known, and if unknown, it shall be so stated." Mitchell, J., in denying the contention that the omission of the owner's name was fatal to the judgment, used the following language, which we think is applicable to the statute under which the taxes here in question were assessed: "Under our statute proceedings to enforce the collection of real estate taxes are purely *in rem.* They are against the land and not against the owner. It is elementary that no reference to the name of the owner is necessary in proceedings *in rem.* It is, however, a common practice in such proceedings to give the name of the owner, if known, for frankness' sake, to increase the chances of his attention being called to the notice. The provisions of our statute on the subject are but declaratory of this established practice, and are to be construed as merely directory. The essential thing

in such proceedings is the description of the *res* (the land), and this. is complete without the name of the owner." Counsel for appellant. rely upon *Sweigle v. Gates,* 9 N. D. 538, 84 N. W. 481. In that. case we held that the requirement of section 1548, Comp. Laws,. with respect to listing real estate in the name of the owner, was. mandatory, and that a failure to comply therewith rendered the assessment void. The case is not in point. The statute then under consideration differs in two important particulars from that under which the assessments here in question were made. Section 1548 Comp. Laws, expressly required that: "If the name of such owner be known to the assessor, the property shall be assessed in his, her or their name. If unknown to the assessor the property shall be assessed to unknown owners." A further and important difference to be noted is that under the Compiled Laws a real estate tax be-- came a personal charge against the owner, and not merely a charge upon the land. The absence of a curative statute was also noted in the Sweigle case, in the opinion formulated by Justice Wallin in the following language: "The legislature had authority to declare by statute that an error in listing for taxation as to the name of the owner, or any omission in this respect, should not defeat the assess- ment, but no such curative statute existed when the assessment of 1887 was made." *Roberts* v. *Bank,* 8 N. D. 504, 79 N. W. 1049,. is also cited in support of appellant's contention. This case cannot. be said to be controlling. In that case the court said: "It is clear that the statute required the land to be assessed in the name of the owner, if known. Such statutes are mandatory, and compliance therewith is jurisdictional." The court then had under considera- tion chapter 132 of the Laws of 1890, and not the revenue law of 1897. When the assessment involved in the Roberts case was made, section 1273, Rev. Codes 1895, authorizing personal judgments for real estate taxes was in force, and the court's attention was not called to section 75, c. 132, p. 405, of the 1890 act, which in fact contained the same curative provisions as to assessments of real estate made to others than owners as are found in section 81 of chapter 126, Laws 1897, before quoted. The validity of the taxes involved in this action depends wholly upon the provisions of chapter 126 of the Laws of 1897, under which they were assessed.. For the reasons already given, it is clear to us that the provisions. of this act, so far as they require that the assessment of real estate. shall be in the owner's name are directory, and that an assessment.

of real estate in the name of another than the owner, the assessment being otherwise regular, does not invalidate the tax.

Appellant also assigns error upon an order of the district court opening the default judgment and in permitting Cass county to answer. The propriety of the order cannot now be considered. An amended abstract filed by respondent shows that the plaintiff appealed from the order vacating the judgment, and that the order was affirmed by this court. The propriety of the order is not, therefore, open to review upon this appeal.

Judgment affirmed. All concur.