## J. J. FOLSOM v. A. G. WHITNEY.[1]

### June 30, 1905.

### Nos. 14,311—(159).

**Tax Judgment.**

A tax judgment entered under Laws 1881, p. 176, c. 135, to enforce the payment of taxes for 1879 and prior years, included taxes delinquent for the years 1859 to 1879.

*Held,* The tax judgment was void as to those taxes barred by the statute of limitations at the time of the passage and approval of the law; as to such taxes, the act was unconstitutional.

Action in the district court for Sherburne county to determine the adverse claims of defendant to certain vacant and unoccupied land. The case was tried before Giddings, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Stewart & Brower,* for appellant.

*Robert C. Saunders,* for respondent.

LEWIS, J.

Action to determine adverse claims to real estate. The fee title is in plaintiff, and defendant's title rests wholly upon a tax judgment. At the trial plaintiff rested, having shown that he was owner of the so-called government patent title; and defendant introduced in evidence a tax deed dated September 20, 1881, for the taxes of 1879 and prior years. To show the invalidity of the tax deed, plaintiff introduced in evidence the notice of tax judgment sale issued by the county auditor for the tax sale under chapter 135, p. 176, Laws 1881, and the real estate tax judgment roll.

The tax judgment is assailed by plaintiff upon the ground that it included taxes from 1859 to 1880, embracing taxes which had been barred by the statute of limitation; that the inclusion of such unauthorized taxes in the tax judgment rendered it void. Defendant insists that the inclusion of such unauthorized taxes did not render the judg-

[1] Reported in 104 N. W. 140.

ment void; that such fact was open to plaintiff in the tax proceedings by way of answer, and, not having been taken advantage of, he will not be permitted to assail the judgment upon that ground; that, if the proceedings were valid as to some of the taxes, the court acquired jurisdiction of the subject-matter, and no error in the amount of the taxes affected the jurisdiction. Kipp v. Dawson, 31 Minn. 373, 17 N. W. 961, 18 N. W. 96; Coffin v. Estes, 32 Minn. 367, 20 N. W. 357; County of Chisago v. St. Paul & D. R. Co., 27 Minn. 109, 6 N. W. 454.

It is conceded by both parties that under the authority of Pine County v. Lambert, 57 Minn. 203, 58 N. W. 990, Cool v. Kelly, 78 Minn. 102, 80 N. W. 861, and Kipp v. Elwell, 65 Minn. 525, 68 N. W. 105, the statute had run as to a large portion of the taxes involved in the judgment, and the only question is whether the judgment was void. Of course, if it appeared from the judgment roll that outlawed taxes had been properly listed under the provisions of section 1610, G. S. 1894, then the statute of limitations would not apply. State v. Kipp, 70 Minn. 286, 73 N. W. 164. But that section has no application to taxes as to which the statute had already run at the time of the commencement of the tax proceedings involved. State v. Bellin, 79 Minn. 131, 81 N. W. 763. In Kipp v. Elwell, it was held that in so far as Laws 1893, p. 276, c. 150, undertook to confer jurisdiction upon the district court to proceed as against the lands upon which the state had lost its lien for taxes, and had no color of right to enforce collection thereof, it was unconstitutional, because not due process of law. There the tax proceedings under Laws 1893 were involved, and the sale included taxes for which judgment had been entered under the provisions of Laws 1881, p. 176, c. 135, and were barred by the statute of limitation.

In Cool v. Kelly, it was held that a tax certificate, made pursuant to Laws 1893, p. 276, c. 150, which recites a sale of land pursuant to a tax judgment in proceedings to enforce the payment of taxes upon real estate delinquent in the year 1879 and prior years, and in the year 1889 and prior years, without otherwise indicating for what taxes the judgment was rendered, was void on its face. The decision was based upon the ground that it appeared from the face of the certificate that at the time chapter 150, p. 276, Laws 1893, was enacted, the statute of limitations had run against an action to obtain a judgment against

the land for the taxes delinquent in 1879 and prior years. The act was held to be unconstitutional only in so far as it purported to authorize the recovery of a judgment for taxes against which the statute had run before the approval of the act.

Defendant makes a distinction between the forfeiture law of 1881 and that of 1893, and claims that the former does not authorize the inclusion of any taxes barred by the statute of limitation, whereas the latter law expressly authorizes and requires the inclusion of such taxes. If, upon examination of these acts, we find they are practically the same in respect to the inclusion of taxes for prior years, then it would seem that the decisions above noted in regard to the act of 1893 would be controlling.

Chapter 150, p. 276, Laws 1893, is entitled:

> An act to enforce the payment of taxes which became delinquent in and prior to the years 1879 and 1889,

and provides for the making out of lists of taxes for years prior to 1879 and 1889. The body of the act requires the listing of the lands which were not sold to an actual purchaser at the sale held under the provisions of chapter 135, p. 176, Laws 1881, still remaining unsold and unredeemed, and against which the tax judgment remains unsatisfied, and also requires the listing of all taxes upon real estate which appeared to have become delinquent in 1889 or prior years, which had not been satisfied by payment, redemption, or sale of real estate to actual purchaser. There are no limitations, and the act authorized the inclusion of all back taxes, without regard to whether they had been barred by the statute of limitations or not. Chapter 135, p. 176, Laws 1881, is entitled

> An act to enfore the payment of taxes which became delinquent in and prior to the year 1879.

The body of the act requires that the auditor shall make out and append to the current delinquent list a list of all taxes upon real estate in the county which appear to have become delinquent in the year 1879, or any prior year or years, that have not been satisfied by payment, redemption, or sale of the real estate to actual purchasers. There is no essential difference in the language of these two enactments. If the

act of 1893 was unconstitutional in so far as it authorized the inclusion of taxes which had been barred by the statute of limitations, then the act of 1881 was also unconstitutional to the same extent and for the same reason.

Our conclusion is that the act of 1881, in so far as it authorizes the enforcement of taxes upon real estate which at the time of the passage of the act had been barred by the statute of limitations, was unconstitutional, and that it appears from the evidence that the judgment included taxes which had been so barred, for which reason, under the authorities cited, the tax deed was invalid.

Order affirmed.