## JOSEPH DONALDSON v. WILLIAM R. SACHE.[1]

May 16, 1913.

Nos. 17,961—(81).

**Record of tax sale to state necessary.**

1. A tax assignment certificate is invalid if the record of the tax sale contains no entry showing that the land had been bid in for the state.

[1] Reported in 141 N. W. 493.

*Tax assignment certificate — evidence.*

2. The effect of such certificate as prima facie evidence of such entry is overcome by showing by the record itself that no such entry was made.

**Judgment book and copy — evidence.**

3. Where the original judgment book is in evidence, and the copy judgment book is not in evidence, as the law requires the same entries to be made in each, it cannot be assumed, that the copy judgment, not in evidence, shows lands bid in for the state that are not so shown by the original that is in evidence.

Action in the district court for Ramsey county to determine adverse claims to certain vacant and unoccupied real estate. The answer alleged title in defendant by virtue of certain local assessment and general tax certificates of sale, and due notice of expiration of time for redemption and no redemption therefrom. The case was tried before Kelly, J., who made findings and ordered judgment that plaintiff was owner in fee of two lots in question and defendant was the owner of two lots. From that part of the judgment which decreed that defendant was the owner of two lots, entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*William G. White,* for appellant.
*Daniel W. Doty,* for respondent.

TAYLOR, C.

Appeal by plaintiff from a judgment sustaining the validity of the tax titles held by defendant upon two lots located in a suburb of St. Paul.

A tax judgment was entered against these lots in 1892, for the taxes of 1890, but they were not sold to a purchaser at the ensuing tax sale. Thereafter a tax assignment certificate, based upon this judgment, was issued by the county auditor for each of the lots, and whatever rights were conveyed thereby have passed to and vested in the defendant. If these certificates are valid, the judgment appealed from is correct and should be affirmed; if they are not valid it must be reversed.

The statute required the county auditor, immediately after the tax sale to "set out in the copy judgment book what disposition was

made at said sale of each piece or parcel of land; if sold to an actual purchaser, to whom and for what amount; and if bid in for the state, then so stating," and further required that, as soon as such entries were made, he should deliver the copy judgment book "to the clerk of the court, who shall forthwith enter, on the right hand page of the real estate tax judgment book, opposite the description of each piece or parcel * * * bid in for the state, the words, 'bid in for the state.' "[1] The statute did not require any other record to be kept of the lands bid in for the state. It further provided that, "at any time after any piece or parcel of land *shall have been bid in for the state, * * * the county auditor shall assign and convey the same, and all the right of the state in any such piece or parcel of land *acquired at such sale,* to any person * * * who shall pay the amount for which the same *shall have been bid in,* with interest," [2] etc.

These provisions of the statute were construed and applied in Mulvey v. Tozer, 40 Minn. 384, 387, 42 N. W. 387, and the court say concerning them, "Our conclusion therefore is * * * that to enable the state to give any valid title * * * it must appear that the lands were duly offered for sale at the tax sale and bid in for the state, and that this must appear from the entries in the judgment book."

In the present case, the judgment book is in evidence, and contains no entry that either of the lots in controversy were bid in for the state. The case is governed by Mulvey v. Tozer, supra, and it follows that the auditor had no authority to make the assignments and that they are void.

It is suggested that the assignment certificates are prima facie evidence that the requirements of the law have been complied with, and this is true. But as there is no authority to make an assignment, unless the record shows that the land was bid in for the state, when the record, upon which the assignment is based, is produced, and shows affirmatively that the necessary condition precedent to the making of a valid assignment did not exist, the prima facie force of the certificate is overcome. Mulvey v. Tozer, supra, p. 387.

The copy judgment book in the auditor's office was not offered in

[1] [G. S. 1894, § 1598].          [2] [G. S. 1894, § 1601].

121 M.—24.

evidence. The trial court apparently took the position that, in the absence of this record, the court would assume that it contained sufficient entries to authorize the assignments. It would, perhaps, be as fair to assume that the defendant would have presented the record, had it contained the entries essential to the validity of his tax title. However this may be, the statute requires that the same facts be entered in both the judgment book and the copy judgment book, thereby providing that the one shall be, in substance, a duplicate of the other. We cannot assume, as to matters required by the statute to be entered alike in both records, that the entries in the record not before the court show facts not shown by the entries in the record that is before the court.

The appellant argues at some length that, under the statute, these entries must appear in both records to authorize the auditor to make the assignments. The respondent passes this point without discussion. The question is not involved in the present case, and we think it ought not to be decided without considering matters which have not been presented or argued.

The other tax liens set forth in defendant's answer were not passed upon by the trial court and are not involved in the present appeal.

The judgment appealed from is reversed.