## GABRO LAND COMPANY v. ARTHUR A. MICHAUD AND OTHERS.[1]

December 14, 1917.

No. 20,577.

**Tax sale — entry in copy judgment book — construction of statute.**

Section 2122, G. S. 1913, which requires the county auditor, upon making a tax sale, to set out in the copy judgment book what disposition was made at such sale of each parcel of land, does not require an entry in that book of the date of the sale.

Action in the district court for Lake county to determine adverse claims to vacant and unoccupied land. The case was tried before Cant, J., who made findings and ordered judgment in favor of plaintiff as to all of certain land. Defendant d'Autremont's motion to amend the findings of fact and conclusions of law was denied. From an order denying his motion for a new trial, defendant d'Autremont appealed. Affirmed.

*Oliver S. Andresen,* for appellant.

*Arnold & Arnold,* for respondent.

HALLAM, J.

This is an action to quiet title. Plaintiff claims under a Governor's tax deed. The validity of this deed is the question in the case. Only one objection is raised. At the annual tax sale in 1911, on which the Governor's deed is founded, the property was bid in for the state. The objection raised is that the auditor did not enter the date of the sale in his copy of the tax judgment book. This book contains the only record of the tax sales which the auditor is required to make. Section 2122, G. S. 1913, is the only statute prescribing what entries the auditor shall make in this book. This section provides as follows: "Immediately after such sale the auditor shall set out in the copy judgment book what disposition was made at such sale of each parcel of land; if sold to an

actual purchaser, to whom and for what amount, and for what rate of interest; and, if bid in for the state, then so stating. * * *", Any entry required by this section must be made or the tax title founded on the sale fails. For example, this section in terms requires that if the land is bid in for the state, that fact shall be entered in this book. If such entry is not made the ensuing tax title is void. Mulvey v. Tozer, 40 Minn. 384, 42 N. W. 387; Donaldson v. Sache, 121 Minn. 367, 141 N. W. 493. There is no requirement that the date of sale be entered in the copy judgment book. It is contended, however, that since the date of sale is important in computing interest and in determining the time of expiration of the right of redemption and the amount required to redeem, and since the date of sale must be inserted in any state assignment certificate which subsequently may be issued, and since the auditor is required to keep no other record of the sale, that the requirement that he shall "set out in the copy judgment book what disposition was made at such sale of each parcel of land" must contemplate that he shall make an entry in that book of the date of sale. There is force to this argument as an argument as to the desirability of a law requiring that the date of the sale be entered in the judgment book, but we think it has little force in defining the meaning of the statute. If the auditor does enter a date of sale in this book and a certificate is issued stating a different date, the certificate prevails. McQuade v. Jaffray, 47 Minn. 326, 50 N. W. 233. We think the requirement that the auditor shall set out in this book "what disposition was made at such sale" of the land sold is not a requirement that he shall here enter the date of sale. To impose this requirement would be to add something to the statute. This we cannot do.

Order affirmed.