[Department Two. — January 30, 1884.]

THOMAS J. DALY, APPELLANT, v. AH GOON ET AL.,
RESPONDENTS.

TAX DEED— CERTIFICATE OF SALE— RECITALS. — A certificate issued on a sale for
taxes, reciting that the property was assessed to ' G. A. Hemenway and to all
claimants known and unknown," shows an invalid assessment, and may be
given in evidence to defeat a deed founded thereon, though regular on its face.

APPEAL from a judgment of the Superior Court of the county
of San Diego, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*John R. Jones,* for Appellant.

*Conklin & Hunsaker,* for Respondents.

PER CURIAM. — The only question in this case which it is
necessary for us to decide relates to the validity of a certain tax
deed offered in evidence by defendants.

The action was ejectment, and the plaintiff made out à *prima
facie* case. To defeat his right of recovery defendants relied
upon a sale of the land for taxes, and a deed in pursuance of
such sale. The certificate of sale shows that the lot in contro-
versy was assessed to G. A. Hemenway, *and to all owners and
claimants known or unknown.*

It has been held in several cases that such an assessment is
void, and the question is, does such a void certificate affect and
defeat a deed, valid upon its face? We think it does. Section
3786 of the Political Code requires that " the matters recited in
the certificate of sale *must* be recited in the deed, and *such* deed
duly acknowledged and proved is primary evidence." This
requisition of the statute must be complied with. (*Grimm* v.
*O'Connell,* 54 Cal. 522; *Anderson* v. *Hancock,* 64 Cal. 455.)

If the deed offered in evidence in this case had followed the
law, and contained the recitals found in the certificate, it would
have been void on its face, and it was competent for the plaintiff
to defeat it by evidence *aliunde.*

The motion to dismiss the appeal was denied October 10, 1883.

Judgment and order reversed.