NATHAN B. BRADLEY ET AL. V. EDWARD A. BOUCHARD.

*Taxes—Assessment in name of person other than the owner.*

1. This case is governed by section 89 of Act No. 153, Laws of 1885, which provides that no tax assessed upon any property shall be held invalid on account of the property having been assessed without the name of the owner, or in the name of any person other than the owner, or on account of any other irregularity, informality, or omission that does not prejudice the rights of the person whose property is taxed; which section is construed in *Lumber Co. v. Collins,* 66 Mich. 64; *Dairy Co. v. McKinlay,* 70 Id. 574; and *Hill v. Graham,* 72 Id. 659.

2. An assessment of property in the name of a person other than the owner, made by the assessing officer knowingly, for the purpose of defrauding or imposing an unjust tax upon such person, might be assumed to be to his prejudice, in the absence of a contrary showing.

Error to Cheboygan. (Ramsdell, J.) Argued January 23, 1891. Decided February 27, 1891.

Replevin. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Simonson, Gillett & Courtright,* for appellants.

*George W. Bell,* for defendant.

MORSE, J. This is an action of replevin for about 50,000 feet of pine saw-logs, marked "J. P. P.," levied upon by the defendant, as village marshal of Cheboygan, to satisfy a tax assessed on personal property in the name of one F. E. Bradley in April, 1888. The plaintiffs claimed to be the owners of the logs. The court below directed a verdict in favor of the defendant.

The facts are not much in dispute, and are substan-

tially as follows: The assessment against F. E. Bradley was on the roll as, "Personal property, $14,500." The tax apportioned upon and levied against the same was $166.75. This assessment was made upon lumber sawed from logs marked "J. P. P.," piled upon the docks of Swift Bros. and Pelton & Reed, and upon logs in the boom of Pelton & Reed at Cheboygan, and logs also in the Pigeon and Black rivers on their way down to this boom. The logs were all marked "J. P. P." The logs in question, and the logs out of which the lumber was sawed, piled on these docks, were in the spring of 1887 contracted by W. E. Lacey & Co., who owned them, to F. E. Bradley & Co., composed of F. E. Bradley and Russell Bradley. This agreement was made April 30, 1887, and the delivery was to be made to any mill on the Cheboygan river that Bradley & Co. might direct thereafter. November 4, 1887, a supplemental contract was made, giving W. E. Lacey & Co. a lien upon said logs and the lumber manufactured therefrom. W. E. Lacey & Co. afterwards assigned their interest in the contract to plaintiffs for the consideration expressed of one dollar. December 22, 1887, the plaintiffs and F. E. Bradley & Co. made an agreement in writing, by which plaintiffs claim the title to the property was transferred to them. When the assessment was made, there were over 2,500,000 feet of manufactured lumber on the docks, about 75,000 feet of logs in the booms within the village of Cheboygan, and over 550,000 feet of logs in the rivers destined to Cheboygan. No fault is found with the assessment, except that it is claimed it was not assessed in the name of the owners, the plaintiffs. It is not con_ tended that the property was not taxable in the village of Cheboygan, or that it was taxed in fact at any other place.

A question was made upon the argument, and it was

strongly urged by counsel for defendant, that the title to
the property had not passed out of F. E. Bradley & Co.
to N. B. Bradley & Sons at the date of its assessment.
In our view of the case this question is not material to
its determination. It is conceded that the property levied
upon to satisfy the tax is a part of the property assessed
in the name of F. E. Bradley, and upon which the tax
was levied. Under these circumstances we think the law
of 1885 applies, and governs the case. Section 89, Act
No. 153, Laws of 1885, provides that—

"No tax assessed upon any property, or sale therefor,
shall be held invalid   *   *   *   on account of the
property having been assessed without the name of the
owner, *or in the name of any person other than the owner,*
or on account of any other irregularity, informality, or
omission   *   *   *   that does not prejudice the rights
of the person whose property is taxed."

See, also, *Petrie Lumber Co. v. Collins,* 66 Mich. 64;
*Michigan Dairy Co. v. McKinlay,* 70 Id. 574; *Hill v.
Graham,* 72 Id. 659, 665, 666. There is no evidence in
the record that plaintiffs were misled to their prejudice
by the manner of this assessment as it appeared on the
assessment roll. The plaintiffs' counsel in their brief
admit—

"That where non-resident parties own property in an
assessing district, and the assessing officer used his best
endeavors to ascertain the ownership of the property, and
there has been no notice to him or no such public acts
as would indicate that there had been a change in the
ownership of the property, and there was nothing that
would indicate to the officer that any change had been
made in its ownership, then the officer is justified in
assessing the property in the name of the last owner and
issuing his warrant in that name, and that the marshal
or collector to whom the warrant issued has a right to
seize any portion of the property so assessed for the pay-
ment of the tax upon the entire property."

But they insist that in this case the assessing officer

did not use due diligence in ascertaining who was the owner of these logs and lumber, and that there was testimony tending to show that the assessor was told, that plaintiffs were the owners before he made the assessment; that, if he knew whom the property belonged to, his duty was to assess it to the owner, or the assessment would be void. They further contend that the roll bore upon its face no notice to plaintiffs that their property— these logs and this lumber—was assessed at all, as the property was not specifically described as logs and lumber upon such roll, but simply as "personal property," and therefore there was no notice to or call upon them to appear before the board of review. But the plaintiffs made no claim upon the trial that the assessment of the property was too high, and made no showing whatever that the failure of notice to them was in any wise prejudicial to their rights. On the contrary, the counsel for plaintiffs, in his opening of the case to the jury, stated as follows:

"About the property that was assessed, all we know about that is that we received a notice from the assessing officer, in which was spread the logs and lumber,—so much of logs and so much of lumber, without describing the stock, or stating where it was situated at the time."

The plaintiffs introduced no testimony tending in any manner to show that they were prejudiced in any of their rights by this assessment, or that they had no notice of it; and one of them, Fred W. Bradley, testifies that they did not give these logs or this lumber in for assessment anywhere in the spring of 1888. The property was not overvalued in the assessment. It was taxable at Cheboygan. It was assessed at no other place. It was owned, as they claim, by the plaintiffs when it was assessed. Their only defense to the tax is that it ought to have been assessed to them, instead of to F. E. Bradley. If

this does not bring the case within section 89 of the law of 1885, heretofore quoted, I cannot imagine a case that the statute would reach, where property is assessed "in the name of any person other than the owner." The only prejudice to the rights of plaintiffs that I can see is that the property, if this judgment is affirmed, will not be allowed to escape taxation, but will bear its just proportion of the public burden.

If it could be shown that the assessing officer knowingly assessed property in the name of a person, other than the owner, for the purpose of defrauding or imposing an unjust tax upon him, such assessment might be assumed to be to his prejudice, in the absence of a contrary showing; but such is not this case by any means.

The judgment is affirmed, with costs.

The other Justices concurred.