[No. 1239. Decided March 22, 1895.]

Samuel Vestal et al., Respondents, v. Joseph D. Morris et al., Appellants.

Brief on Appeal — Tax Deeds — Validity — Recitals — Evidence.

The reply brief of appellant will be stricken when the appellant has failed in his original brief to present his contentions and authorities so as to give the respondent an opportunity for properly answering.

The execution of a second tax deed to cure the defects and validity in one originally made will not give the holder of such deed the benefit of §§ 2936, 2937, Code 1881, declaring that tax deeds shall be conclusive evidence in some particulars and *prima facie* evidence in others, of the regularity of the prior proceedings, when a tender and application to redeem had been made before the execution of the second deed.

A tax deed is not sufficient to pass title when the property was not assessed in the name of the known owner, and no notice had been given by the treasurer that the duplicate assessment roll was in his hands, together with the date when taxes must be paid, and no notice had been advertised by the sheriff that the sale for delinquent taxes would be at public auction.

The presumption that such notices had been given is overcome when it is shown that there is an entire absence of proof thereof in the county records, and there is no proof showing that the notices had in fact been given.

*Appeal from Superior Court, Snohomish County.*

*E. C. Hughes,* and *Bell & Austin,* for appellants.

*Lichtenberg, Shepard & Lyon,* and *Burke, Shepard & Woods,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—When this action was called for argument a motion was made by the respondents to strike appellants' reply brief, on the ground of failure to comply with the rules and practice of the court. The original brief of appellants consists of some four or five pages, which contain little more than a statement of the cause. Certain sections of the Code are cited therein, and one case, in support of appellants' contentions. The effect was practically to impose upon respondents the burden of presenting the entire cause here. After respondents' brief was filed and a short time preceding the argument, appellants filed a reply brief of some twenty-five or six pages, citing seventy-five or more cases. The contention of the respondents was that much of this matter should have been presented in appellants' original brief in order that they might have had the benefit of properly answering.

It is difficult to lay down a definite rule governing such matters, but we were of the opinion that the manner pursued by appellants in briefing their cause was such a substantial departure from the rules and practice as in justice to the respondents required the reply brief to be stricken, and the motion to strike was granted.

This action was brought by the respondents to set aside certain tax deeds which were alleged to be void on account of irregularities in the proceedings by which the land was assessed and sold for taxes, and

which were claimed to be a cloud upon respondents' title. The lower court held the deeds void, and this appeal was taken. A great many irregularities are presented as showing the invalidity of said proceedings. Some of these are now conceded to be based upon directory provisions of the statute, and are, therefore, immaterial. Owing to the failure of appellants to properly brief the case but a few of the other points raised will be considered. A finding of one substantial defect in the proceedings will, of course, require an affirmance.

The appellants claim title under a tax sale made in the year 1887, for taxes levied in the preceding year. It appears that the land in question was assessed in said year in the name of one Burns, while one Bartlett was the owner, and that the county officials had notice and knew that Bartlett was the owner of the land, as it had been previously assessed to him in the year 1874. The further point is raised that the county treasurer did not make or file a notice, as required by statute, that the duplicate assessment roll for 1886 was in his hands, giving the date when the taxes must be paid, and that no such notice was ever published, and. there is no record thereof. Also, the sheriff's notice of the sale of delinquent taxes for the year 1886 did not state that said sale would be at public auction, and no affidavit or other evidence of its publication or posting was made or filed in the office of the treasurer of said county, and that notice of such sale, with a list of the lands to be sold, was not in fact published.

Two deeds were issued to the appellants, based upon this same tax sale; the first one was defective and invalid. After the respondents had tendered an amount sufficient to redeem said lands, appellants procured a second deed, regular in form. Sections 2936 and 2937

of the Code of 1881 were in force at the time these deeds were given, and are as follows:

"SEC. 2936. The matter recited in the certificate of sale must be recited in the deed, and such deed duly acknowledged or proved is *prima facie* evidence that: (1) The property was assessed as required by law; (2) The property was equalized as required by law; (3) The taxes were levied as required by law; (4) The taxes were not paid; (5) At a proper time and place the property was sold as prescribed by law, and by the proper officer; (6) The property was not redeemed; (7) the person who executed the deed was the proper officer.

"SEC. 2937. Such tax deed, duly acknowledged or proven, is (except as against actual fraud) conclusive evidence of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed."

It is contended by the respondents that the appellants cannot claim the benefit of these provisions, for the reason that the deed first issued was defective, and that the appellants could not avail themselves of such rights by taking out a second deed after application was made to redeem the lands as aforesaid; and it is further contended that so far as such deed is made conclusive evidence of the mandatory requirements of the law, the same is unconstitutional. As we think the first point is well taken, it is unnecessary to inquire into the constitutionality of § 2937. The respondents' rights dated from the time they made the tender and application to redeem, and at that time the appellants did not have a deed sufficient in form to bring themselves within the provisions of these sections.

We are also of the opinion that the objections specified are fatal to appellants' case. The failure to assess the property in the name of the known owner was a substantial failure to comply with the law. It was also

imperative that the county treasurer should give the notice required by statute, that the duplicate assessment roll was in his hands, and giving the date when the taxes must be paid. It is contended by appellants that there was no statute requiring the proof of the giving of this notice to be preserved, and that the presumption is that the notice was in fact given. But independent of any specific provision of the statute, it was necessary that some proof of the giving of this notice should be preserved in the county records; and when the respondents showed that there was an entire absence of any such proof, and nothing to indicate that such notice had been in fact given, the presumption that the notice was given was overcome. There was no proof introduced to show that the notice was in fact given. It was also necessary that the sheriff should advertise that the sale would be at public auction. These provisions were intended to benefit the owner of the land, either wholly or in part, and the general rule is that, as to all matters which are intended for the benefit of the owner, the provisions of the law must be closely followed. Blackwell, Tax Titles (5th ed.), § 162.

The judgment of the lower court should be affirmed.

ANDERS, DUNBAR and GORDON, JJ., concur.

HOYT, C. J., concurs in the result.