### NORTHERN PAC. R. CO. v. GALVIN, County Treasurer.

(Circuit Court, D. Washington, W. D. February 10, 1898.)

1. TAXATION—LEGALITY OF ASSESSMENT.

Under the Washington statute, which requires the assessor to list all lands subject to taxation, with a description of each tract, the name of the owner if known, the number of acres, etc., the name of the owner is necessary to a valid assessment, and a listing in the name of one not the owner is fatal.

2. SAME—JUDGMENT FOR SALE.

Under the Washington statute, providing for collection of unpaid taxes of 1891, which requires the county treasurer to give notice by publication of his application for judgment for sale of the lands, and directs that the advertisement, and also the record book, shall contain the name of the owner of each lot or tract if known, the omission from the advertisement and record book of the true owner's name deprives the court of jurisdiction to order a sale, where the owner has no actual notice, and such sale may be enjoined.

3. SAME—CURATIVE STATUTE—VALIDITY.

A statute conferring power on the court ordering a sale of land for taxes to cure all defects in the assessment and levy, and making the judgment conclusive evidence of the regularity of the proceedings, is invalid so far as it relates to jurisdictional defects.

This was a suit in equity by the Northern Pacific Railroad Company against John Galvin, as treasurer of Lewis county, in the state of Washington, to restrain a sale of lands for delinquent taxes.

F. M. Dudley, for complainant.
Johnson Nickeus, for defendant.

HANFORD, District Judge. The object of this suit is to restrain the treasurer of Lewis county from proceeding to sell lands in said county, claimed by the plaintiff as part of the grant to the Northern Pacific Railroad Company, to aid in the construction of its main and branch lines, pursuant to a judgment rendered by the superior court for Lewis county against said lands for delinquent taxes for the year 1891. The judgment is a judgment in rem, ordering that the lands be sold, and was rendered at a time when all the property and assets of the Northern Pacific Railroad Company situated in this state, including said lands, were in the legal custody of receivers appointed by this court. In ruling upon questions raised in settling the issues in the pleadings, I expressed my opinion, based upon the decision of the supreme court of the United States in the case of In re Tyler, 149 U. S. 164–169, 13 Sup. Ct. 785, to the effect that a collector of taxes cannot legally execute process for the collection of delinquent taxes by sale of property in the custody of a receiver appointed by a United States court. At the same time I gave a plain intimation that, upon an application to this court, the receivers would be ordered to pay all taxes legally chargeable against the property of the railroad company. At the time of giving said opinion, I believed and ruled that lands claimed by the railroad company, as part of its land grant, which had not been patented prior to the time of making the annual assessment upon which the tax was levied, were not subject to taxation by the state. The question as to the right of the state to tax these lands has since been determined by decisions of the supreme court of the

United States and the circuit court of appeals for the Ninth circuit. Central Pac. R. Co. v. Nevada, 162 U. S. 512, 16 Sup. Ct. 885; Myers v. Railroad Co., 83 Fed. 358.   Upon the authority of these decisions, I hold that the lands were subject to taxation for state, county, and district purposes, at the time of the annual assessment for the taxes of 1891; and, if taxes upon said lands had been legally assessed and levied, the court would feel obliged to order payment thereof as a condition of the granting of any relief to the plaintiff; and, upon the payment of the amount of taxes legally levied, the plaintiff would be entitled to an injunction, for the reason that at the time of the commencement of this suit the lands were in the custody of this court, through its receivers, and the treasurer of Lewis county could not lawfully proceed with the sale thereof.   But, in the view I have taken, the injunction must issue unconditionally.

I deem it unnecessary to take notice of some of the minor objections to the proceedings of the county officers in making up the assessment roll and tax levy for the year 1891.   Some of the objections are necessarily fatal, and it is sufficient for me to point them out as the grounds for my decision.   The statute of this state in force at the time of making the assessment required the assessor to list all lands in the county subject to taxation, in an assessment book containing a description of each tract of land listed, the name of the owner of each tract, if known to the assessor, the number of acres in each tract, and the valuation placed thereon.   These requirements were not observed by the assessor.   The assessment book, and the tax roll made therefrom, contained but an imperfect description of the lands in controversy, and, instead of being listed as the property of the Northern Pacific Railroad Company, the names of other persons are given as owners.   The railroad company had previously made contracts to sell these lands, but said contracts were not conveyances of the legal title; and it is not alleged in the answer, nor shown by any testimony, that the persons named as owners were the purchasers, nor that the owner of the lands was unknown to the assessor.   There is good reason to presume that the assessor did know that the Northern Pacific Railroad Company was the owner, for the contrary is not alleged; and it is shown by the testimony of the deputy assessor, who made up that part of the assessment book containing the list of these lands, that he listed the lands from a statement furnished by Paul Schulze, who was then Western land agent of the Northern Pacific Railroad Company.   The name of the owner is necessary to a valid assessment of real estate under the statute in force in 1891, because it is, in contemplation of the law, an essential part of the notice of the initiation of proceedings to create a tax lien.   The decisions of the supreme court of this state, holding that where an assessor has failed to comply with the requirements of the statutes of this state, providing that in listing real estate for taxation the name of the owner must be shown, preclude any discussion of the question in this court.   I must accept the decisions in the cases of Baer v. Choir, 7 Wash. 631, 36 Pac. 286, and Vestal v. Morris, 11 Wash. 451, 39 Pac. 960, as being rules of property in this state.

The original illegality in the assessment book for 1891, as affecting the lands in controversy, has not been cured by the judgment rendered

against the lands, and it is my opinion that the superior court had no jurisdiction to render the judgment. The revenue law of 1893 contains a provision that suits to collect unpaid taxes of 1891 shall be instituted in 1894, at the time and in the manner specified in said act. Laws Wash. 1893, p. 385, § 136. The manner of instituting suits for the collection of unpaid taxes prescribed by the act is for the county treasurer to publish an advertisement, giving notice of intended application for judgment for sale of delinquent lands and lots, in a newspaper published in his county; and the law provides that said advertisement shall contain a list of the delinquent lands and lots upon which the taxes remain due and unpaid, the name of the owner of each tract or lot if known, the total amount due thereon, and the year or years for which the same are due. Id. p. 366, § 96. The treasurer is also required to transcribe, in a book prepared for the purpose, and known as the "Tax Judgment, Redemption, and Forfeiture Record," a list of the delinquent lands or lots, which shall be made out in numerical order, and which shall contain all the information to be recorded, at least five days before the commencement of the term at which application for judgment is to be made, which book shall set forth the name of the owner, the proper description of the land, the year or years for which the taxes or assessments are due, the valuation on which the tax is extended, the amount of taxes and assessments, together with the penalties, interest, and costs charged against such land. Id. p. 369, § 101. The advertisement and the record so to be published and made constitute the process and the notice to property owners essential to the jurisdiction of the court. If omission from the assessment book of the name of a known owner of real estate renders the assessment void, as the supreme court of this state has held in the cases referred to above, the same consequences must result from the omission of the owner's name from the published advertisement and the record. The court could not render a valid judgment without giving notice to the owner of the property to be affected. There was no actual notice to the Northern Pacific Railroad Company, or the receivers in charge of its property, nor appearance by them, nor waiver of notice, and the court could not have jurisdiction to render a judgment where the treasurer failed to publish the notice and make the record prescribed by the statute.

The act authorizes the court to allow all amendments which by law can be made in any personal action pending in such court, and provides that no assessment of property or charge for any of said taxes shall be considered illegal on account of any irregularity in the tax list or assessment roll, or on account of the assessment rolls or tax lists not having been made, completed, or returned within the time required by law, or on account of the property having been charged or listed in the assessment or tax list without name, or any other name than that of the original owner; and no error or informality in the proceedings of any of the officers connected with the assessment, levying, or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate, or in any manner affect, the tax, or the assessment thereof; and any irregularity or informality in the assessment rolls and tax lists, or in any of the proceedings connected with the assessment or

levy of such taxes, or any omission or defective act of any officer or officers connected with the assessment or levying of such taxes, may be, in the discretion of the court, corrected, supplied, and made to conform to law by the court. Laws Wash. 1893, p. 372, § 105. This statute is liberal in granting power to the court to cure all defects in the making up of the assessment books and levying taxes, but it counts for nothing in this case, for several reasons: First. It does not confer power upon the court to sustain its own jurisdiction by supplying a fatal omission in the jurisdictional process. Second. The legislature could not enact a valid law conferring power upon a court to create jurisdiction by its own act in a case in which jurisdiction had not been acquired by the giving of notice to the parties having rights to be determined. Third. There was no attempt to make this statute available. The record shows no attempt to cure the defects in the assessment book by any amendment. The statute makes a judgment conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax or assessments have been paid, or the real estate was not liable for the tax or assessments. Id. p. 383, § 132. This provision must be understood as being applicable only to judgments rendered by a court in the exercise of jurisdiction conferred by law. It is contrary to the principles of our government for the legislature to make a law giving conclusive effect to a judgment rendered by a court acting without having jurisdiction.

For all of the above reasons, it is my opinion that the complainant is entitled to a decree granting an injunction against the treasurer of Lewis county, as prayed for in the amended bill of complaint.