[No. 3894. Decided March 24, 1902.]

ALFRED COOLIDGE, *Appellant,* v. COUNTY OF PIERCE *et al., Respondents.*

TAXATION — INJUNCTION AGAINST COLLECTION — FRAUDULENT ASSESSMENT — FINDINGS OF COURT.

In an action to enjoin the collection of taxes, where an issue has been raised that the assessor acted arbitrarily and fraudulently in assessing real property, a conclusion of law that the valuation of the premises was fair and just will be treated as a finding of fact, in the absence of a finding on that issue.

SAME — IRREGULARITIES IN ASSESSING PROPERTY — CURATIVE ACTS.

The statute of this state curing defects in assessment proceedings and the levying of taxes is sufficient to validate all irregularities not affecting the substantial justice of the tax, but will not cure the want of jurisdictional acts requisite to charge a valid tax.

SAME — SUBSTANTIAL DEFECTS — OMISSION OF OWNER'S NAME.

Where a statute provides for the charging of a tax against land, and that the proceedings for its enforcement shall be *in rem,* such proceedings would be due notice to the owner of such realty of the tax charged, and therefore the failure of the taxing officers to enter the name of the owner after the description of the realty, or to assess it to an unknown owner, would not constitute a substantial defect, in view of the curative act in force at the time declaring that the omission of the name of the owner or unknown owner should not invalidate the tax.

SAME — CORRECTION OF ASSESSMENTS.

Where land included in a railroad right-of-way across plaintiff's premises has been taxed to him he is entitled to a *pro tanto* reduction of his tax in an action under our statute to enjoin its collection.

SAME — LANDS PARTLY IN CITY LIMITS — ASSESSMENT OF IMPROVE-
MENTS.

Where a tract of land belonging to an individual lies partly within and partly without the corporate limits of a municipality, improvements on the land situated outside the city limits are not subject to city taxes, and, where from the records it is impossible to ascertain the just proportions for purposes of correction, the tax will be held void.

Appeal from Superior Court, Pierce County.—Hon. JAMES A. WILLIAMSON, Judge. Modified.

*T. O. Abbott,* for appellant.

*Fremont Campbell,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Suit to set aside and enjoin the collection of taxes assessed against realty. The complaint states five separate causes of action, relating to the assessments for the years 1893, 1894, 1895, 1896, and 1897 in the county of Pierce. At the conclusion of the trial the court found the facts, to which no exceptions are here made. It was found that the plaintiff was the owner of the realty. The material facts, upon the objections to the validity of the tax proceedings, were: That the premises assessed were situated partly within and partly without the limits of the city of Sumner, a city of the fourth class; the total acreage situated within the city limits during the years 1893, 1894, and 1895 amounting to 20 acres, and during the years 1896-97 to 18.2 acres; the total acreage situated without the city limits during the years 1893, 1894, 1895, and 1896 being 140 acres, and dur-

ing the year 1897, 141.3 acres. That the improvements on the tract were situated partly within and partly without the limits of the city. That the premises were during the years 1893, 1894, 1895, and 1896 situated in road districts 13 and 45, and during the year 1897 in road districts 13, 21, and 45, and that they at all times were situated in school district No. 8; that for the years 1893-94 the premises were described as follows. "That part of the W. 2 of the A. Morrison D. C. outside of the limits of Sumner," and "that part of the W. 2 of the A. Morrison D. C. inside the city limits of Sumner,"—and that the premises were improperly located in section 13, township 20, range 4 E., only, instead of in sections 13 and 24, same township and range. That the total acreage lying outside the limits of the city of Sumner was entered as 145.17 acres, instead of 140 acres; and for the years 1893, 1894, 1895, and 1896 was entered as 15 instead of 20 acres inside the city limits, and for the year 1897 for 16.5 acres instead of 16.09 acres. That no improvements were entered in the rolls of 1893, 1894, and 1897 upon that portion of the described tract lying without the city limits, but were entered as being situate on the tract lying inside. That the description for each of the years included the right of way of the Northern Pacific Railway Company, amounting to about two acres. That the description for the year 1893 indefinitely located the premises in school districts No. 60 and No. 8, instead of school district No. 8 only. That the assessor failed to subdivide and separate the premises into the road districts 13 and 45, within which the same were situated, during the years 1893, 1894, 1895, and 1896, but described the same as situated in road district 45 only, and for the year 1897 failed to subdivide and separate the premises into road districts 13, 21, and 45, but described the same as situate

7—28 WASH.

in road districts 13 and 45 only. That the name of the owner of the realty was omitted from the entries for the year 1897, and no entry of "Unknown owner" was made in place thereof. The court also found that the certificates affixed to the tax rolls for each of the years except the year 1893 were irregular and defective, and set forth the form in which such certificates were made; that for the year 1893 no certificate of any nature was attempted to be affixed to the roll; that the certificates made to the auditor from the city of Sumner were irregular in form, and that no certified order of a city ordinance levying taxes was filed with the auditor, and that the auditor's warrant to the treasurer affixed to the various tax rolls was irregular and defective; that, before the beginning of the action, plaintiff made tender to the treasurer of the sum of $1,033.21 in full of the taxes claimed by him to be properly chargeable upon the said realty. The court found, as a legal conclusion, that all the entries in the tax rolls as to description of the premises, and the subdivision and separation into road districts, and all the omissions of the assessor or auditor to affix any certificate or warrants to any of the rolls, and the omission to certify the taxes from the city of Sumner and the school district and road districts, and the omission to certify any ordinance of the city, and the failure on the part of the assessor to make entry of the improvements as to each of the tracts, or to properly designate the improvements to each of the tracts, and failure of the assessor to make entry of the name of the owner, or to enter the name of the owner as unknown, in the roll of 1897, were each of them an irregularity or informality not affecting any substantial right of plaintiff, and that the validity of the assessments and levies was not affected thereby, and adjudged the taxes a valid lien upon the realty. The court also concluded

that the valuation or valuations placed upon the premises described in the rolls were each of them fair and just. Plaintiff excepted to both conclusions of law.

The conclusion that the valuation of the premises was fair and just may be treated as a finding of fact. This fact was one of the issues, as it was averred by plaintiff that the assessments placed an arbitrary value upon the realty, and that the assessor acted without consideration and fraudulently in such valuations. In the absence of a finding of fact in favor of plaintiff upon this issue, his allegation must fail. So that its appearing as a conclusion of law does not preclude a consideration of the fact as found. The general act curing defects in assessment proceedings and the levying of taxes was in force during the years plaintiff's realty was assessed. This may be found in the revenue law of 1893 (p. 372, § 105), in which, in substance, it is declared that no assessment of property or charge for taxes shall be considered illegal on account of any irregularity in the tax lists or assessment roll or on account of the rolls or lists not having been made or returned within time, or on account of property having been charged or listed without name, or any other name than that of the original owner, and no error or informality in the proceedings of any of the officers connected with the assessment, levying, or collection of taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment, and that any irregularity or informality in the assessment rolls or tax lists, or in any of the proceedings connected with the assessment or levy of the taxes, or any omission or defective act of any officers, may, in the discretion of the court, be corrected, supplied, and made to conform to law. In this suit plaintiff asks for the adjudication of the tax justly due. The act curing defects

in the procedure in assessment and levy of the taxes (Laws 1893, *supra*) has been continued substantially, and is now the existing law. It is ample, when invoked in such proceedings as this, to validate all irregularities not affecting the substantial justice of the tax. But a legislative act cannot cure nor supply the jurisdictional acts requisite to charge a valid tax. Section 1, art. 7, of the constitution, declares:

"All property in the state, not exempt under the laws of the United States, or under this constitution, shall be taxed in proportion to its value, to be ascertained as provided by law."

It will thus be observed that the tax must be ascertained as provided by law. Such law, it is apparent, must be enacted before the tax can be levied, and the assessment must be levied pursuant to that law. It is imperative, under any revenue law, that the taxpayer have notice of the property charged, and the amount of the tax levied upon it. In the tax levied in 1897 upon realty belonging to plaintiff, under the law of 1895 (Laws 1895, pp. 511, 512, §§ 3, 4), the tax is charged upon the land, and the proceedings are *in rem*. It was therefore competent for the legislature to provide, as it did, that the land should be assessed by suitable description, in numerical order, at a certain time, and the assessment roll made up and filed at a certain time, and such proceedings may be due notice to the owner of such realty of the tax charged. Section 4, *supra*, provides:

"The assessor shall make out in the real property assessment book, in numerical order, complete lists of all lands or lots subject to taxation, showing the names of owners, if to him known, and, if unknown, so stated opposite each tract or lot in pencil memorandum, the number of acres and lots or parts of lots included in each description of property. The assessment books and blanks shall be in

readiness for delivery to the assessors on the first Monday of February of each year."

The court found that plaintiff's premises were entered and properly described as named in the patent from the United States, and that the name of the owner or of unknown owner was omitted.  Counsel for plaintiff urges that the failure to enter the name of the owner or of unknown owner after the description of the realty is a substantial defect, and to the injury of the plaintiff.  This was true under the revenue law prior to the enactment of the statute of 1895.  Under the prior system, real property was assessed to the owner.  The owner's name was an essential part of the description.  It was in fact a material part of the notice given to him of the tax charged against his real property, and was so adjudged by this court.  *Baer v. Choir,* 7 Wash. 631 (32 Pac. 776, 36 Pac. 286); *Vestal v. Morris,* 11 Wash. 451 (39 Pac. 960). And see *Railroad Co. v. Galvin,* 85 Fed. 811.  It was observed by the learned judge, in 85 Fed. 811, *supra,* of the curative act of 1893 (Laws 1893, p. 372):

"First.  It does not confer power upon the court to sustain its own jurisdiction by supplying a fatal omission in the jurisdictional process.  Second.  The legislature could not enact a valid law conferring power upon a court to  create jurisdiction by its own act in a case in which jurisdiction had not been acquired by the giving of notice to the parties having rights to be determined."

But this distinction between the former revenue law and that of 1895, under which the assessment of plaintiff's property was made in 1897, is that the prior law provided for the assessment of real property to the owner. In the later law the assessment is made of the land, as such, by its proper description; and, as has been observed, the tax is charged against the land.  The provision for

the memorandum of the name of the owner or unknown owner may be considered directory to the officer; and this, taken in connection with the curative act declaring the omission of the name of the owner or unknown owner shall not invalidate the assessment or tax, is conclusive that the legislature, in the enactment of the law of 1895, intended that the mention of the owner was not of the substance of the listing and entry upon the assessment roll. Mr. Black, in his work on Tax Titles (§ 110), speaking of such curative statutes, says that under these statutes it is held that the assessment roll is not vitiated by the fact that the owner's name is not mentioned, or it is not assessed to unknown owners, and of the constitutional validity of such statutes there can be little reasonable doubt; and substantial authority is mentioned to support this view. The supreme court of the United States, in *Witherspoon v. Duncan,* 4 Wall. 210, observes of the taxing power: The state "has the right to determine the manner of levying and collecting taxes, and can declare that the particular tract of land shall be chargeable with the taxes, no matter who is the owner, or in whose name it is assessed and advertised." The description of the premises assessed is such as would pass title, and the omission to mention the name of the owner, or to assess to an unknown owner, is not such a substantial defect as will invalidate the tax for the year 1897. It appears from the finding that two acres of the right of way of the Northern Pacific Railway Company were included in the description of the premises. Under the provisions of the statute relating to suits of this nature, the court is authorized to correct this charge. It may take the sum of the tax against the premises, and deduct therefrom an amount in the proportion that the two acres bear to the whole number in the tract. Also, with reference to the failure of the

assessor to segregate the road districts, it would seem that, if the road tax is the same, the plaintiff is not injured, and the apportionment of the tax can be made by the treasurer. It does not appear that there was any difference in the rate levied between the different road districts.

With reference to the assessment of the improvements· in the years 1893, 1894, and 1897, the assessment of all the improvements on the tract within the limits of the city of Sumner, including those on the tract outside the city of Sumner, upon the tract within the city, would seem to charge the realty inside the city limits with more than its just proportion of the tax. We cannot perceive, from anything in the record, that· this can be corrected. It appears that taxes are entered for the city and upon the rolls against that tract belonging to plaintiff within the city, and to which the premises outside the city are not liable, and certainly those improvements situated upon land outside the city limits are not subject to the city tax. But it cannot be ascertained from the records before the court how the proportion of the amount justly assessed upon the improvements can be ascertained, and, as the injury to plaintiff is apparent, the tax on the improvements must be held void. The school tax must be corrected, and all placed in school district No. 8.

With the exception of the amount charged on the improvements, and after the deductions for the railway right of way as directed, and the adjustment of the road tax and school tax, the taxes levied in the various years mentioned are valid; and the case is remanded to the superior court, with directions to enter a decree in accordance with this opinion. The appellant will recover the costs of the appeal.

WHITE, FULLERTON, HADLEY, ANDERS, DUNBAR, and MOUNT, JJ., concur.