(December 14, 1910.)

# WHITE PINE MANUFACTURING CO., Respondent, v. PETER MOREY, Appellant.

[112 Pac. 674.]

REVENUE—TAX SALE—TAX SALE CERTIFICATE—TAX DEED—CORRECTION OF TAX DEED—RIGHT OF REDEMPTION.

(Syllabus by the court.)

1. A tax sale certificate issued under the provisions of sec. 1759 of the Rev. Codes, which recites that the tax for which the property was sold was, "State and county, $28.00; penalty and costs, $3.05; total, $31.05," and leaves blank the spaces following the enumeration of poll tax, city, town, village and Independent School district tax, is a substantial compliance with the statute, for the reason that such statement on its face excludes the idea that the taxes for which the property was sold included anything other than "state and county tax," and "penalties and costs."

2. Where a tax sale certificate shows on its face the year for which the tax was assessed, and a deed thereafter issued leaves the year blank and does not show upon its face the year for which the tax was assessed, it is competent and proper for the officer on discovering the mistake to execute a new deed for the correction of the error.

3. Secs. 1763 and 1764 of the Revised Codes must be construed together, and when so construed only require the officer making a tax deed to incorporate therein "substantially the matters contained in the certificate," and a substantial compliance therewith is all that is necessary.

4. Under the provisions of sec. 1653 of the Rev. Codes, dealing with the assessment and collection of taxes, "no mistake in the name of the owner or supposed owner of real property shall render the assessment thereof invalid"; and under the provisions of sec. 1788, no *informality* will render an assessment, or any act relating to an assessment, or the collection of a tax illegal.

5. Where a tax deed was not in fact made, executed and delivered until after the time for redemption by the property owner had expired, it is not fatal to the deed and will not render it invalid if it recite upon its face that the purchaser or his assignee was entitled to a deed one day earlier than he was in fact entitled to it under the law.

6. Where the proceedings have been in substantial compliance with the law and the tax sale has been made in substantial conformity therewith, and the time within which the land owner may redeem is fixed and limited by the statute, there is no right of redemption, whether a deed has been issued or not, after the expiration of the statutory period allowed for redemption.

7. Where the power is vested in an officer to execute a tax deed, such power and authority is not exhausted until a deed is made in compliance with the law, provided the preceding steps have been taken in accordance with the law as the same appears of record in his office. The making of an insufficient, defective and invalid deed does not exhaust the power of the officer where the facts exist upon which a valid deed may be made.

APPEAL from the District Court of the Second Judicial District, in and for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action by plaintiff to quiet title. Judgment for plaintiff and defendant appealed. *Reversed.*

C. H. Lingenfelter, for Appellant (Eugene A. Cox, of Counsel).

A reading of the sections of the Idaho code pertaining to the subject shows conclusively that the law of this state does not even contemplate that the name of the owner must be

correctly placed in the assessor's list. (Secs. 1345, 1346, 1321, and 1455.)

Under a tax system making taxes a lien upon property, the sole and only purpose for directing that property shall be assessed to the owner or claimant is from an enlarged spirit of fairness and accommodation, and not because such procedure is essential to the validity of the taxes. (*McQuade v. Jaffray,* 47 Minn. 326, 50 N. W. 233; *Williams v. Pittock,* 35 Wash. 271, 77 Pac. 385; *Lake Co. v. Sulphur Bank etc. Co.,* 66 Cal. 17, 4 Pac. 876; *Klumpke v. Baker,* 131 Cal. 80, 63 Pac. 137, 676; *Landregan v. Peppin,* 86 Cal. 122, 24 Pac. 859; *Coolidge v. Pierce County,* 28 Wash. 95, 68 Pac. 391; *Woodward v. Taylor,* 33 Wash. 1, 73 Pac. 785, 75 Pac. 646; *Helms v. Wagner,* 102 Ind. 385, 1 N. E. 730; *Bradley v. Bouchard,* 85 Mich. 18, 48 N. W. 208; *Taber v. State,* 38 Tex. Civ. 235, 85 S. W. 835.)

The statutes of this state make the tax deed *prima facie* evidence that "at a proper time and place the property was sold, as prescribed by law."

It is clear from the most cursory reading of the Idaho statutes, that a sale of the property on the fifty-second day was not necessarily improper. (Secs. 1417, 1418, 1419, Rev. Codes; *Love v. Welch,* 33 Iowa, 192; *Bullis v. Marsh,* 56 Iowa, 747, 2 N. W. 578, 6 N. W. 177; *Harris v. Curran,* 32 Kan. 580, 4 Pac. 1044; *Stafford v. Lauver,* 49 Kan. 690, 31 Pac. 302; *Clark v. Tilden,* 72 Kan. 574, 84 Pac. 139; *Patterson v. Carruth,* 13 Kan. 494; *Morrill v. Douglass,* 17 Kan. 291, 293; *Jordan v. Kyle,* 27 Kan. 190; *Lacey v. Davis,* 4 Mich. 140, 66 Am. Dec. 524; *Hill v. Atterbery,* 88 Mo. 114.)

The suggestion that a tax deed must show "all the requirements of the law have been complied with" is in flat contradiction of the Idaho statute. The early California cases cited do not so hold, because in each of them the deed itself on its face showed a void assessment. In addition, the doctrine they stand for has been expressly repudiated in California under a tax system which is substantially different from that prevailing in California at the time they were ren-

dered, and which is almost completely copied into the Idaho laws. (*Hayes v. Ducasse,* 119 Cal. 682, 52 Pac. 121.)

All that is required in point of conformity between the deed and the certificate is substantial identity of recital. (*Doland v. Mooney,* 79 Cal. 137, 21 Pac. 436; *Stout v. Coates,* 35 Kan. 382, 11 Pac. 151; *Muirhead v. Sands,* 111 Mich. 487, 69 N. W. 826; *Hewes v. McClellan,* 80 Cal. 393, 22 Pac. 287; *Rollins v. Wright,* 93 Cal. 395, 29 Pac. 58.)

A recital in the deed of a step in the proceedings which may be consistent with proper procedure cannot be relied upon to overcome the *prima facie* effect of the deed itself. (*Hoge v. Magnes,* 85 Fed. 355, 29 C. C. A. 564; *Cane v. Herndon,* 107 La. 591, 32 So. 33; *Wright v. Dunham,* 13 Mich. 414; *Pleasants v. Scott,* 21 Ark. 370, 76 Am. Dec. 403; *Cramer v. Stone,* 38 Wis. 259.)

A second tax deed is properly executed by the tax collector when his first deed is defective, and it is the imperative duty of such official to furnish such deed to the owner of the tax title, and such second deed, no matter at what stage of the proceedings it is issued, is admissible in evidence with all the evidential effect given by statute to tax deeds. (*McCready v. Sexton,* 29 Iowa, 356, 4 Am. Rep. 214; *Douglass v. Nuzum,* 16 Kan. 515; *Finley v. Brown,* 22 Iowa, 538; *Brien v. O'Shaughnesy,* 71 Tenn. 724; *Bank v. Mersereau,* 3 Barb. Ch. 528, 49 Am. Dec. 189; *Smith v. Griffin,* 14 Colo. 429, 23 Pac. 905; *Duggan v. McCullough,* 27 Colo. 43, 59 Pac. 743; *State ex rel. White v. Winn,* 19 Wis. 304, 88 Am. Dec. 689; *Clippinger v. Tuller,* 10 Kan. 377; *Hart v. Smith,* 44 Wis. 213; 2 Blackwell, Tax Titles, sec. 1073; 2 Cooley, Taxation, p. 1370; 2 Desty, Taxation, p. 910; Black, Tax Titles, sec. 408.)

The respondent's entire title and interest in the premises covered by the appellant's tax deeds expired with the expiration of the three years allowed by statute in which to redeem, and the holder of the tax title, if the tax proceedings were regular, acquired at that date an indefeasible interest. (Blackwell, Tax Titles, sec. 734; *Pearson v. Robinson,* 44 Iowa, 413; *Beggs v. Paine,* 15 N. D. 436, 109 N. W. 322; *McMillan v. Hogan,* 129 N. C. 314, 40 S. E. 63; *Levy v. New-*

*man,* 130 N. Y. 11, 28 N. E. 660; *Dumphey v. Hilton,* 121 Mich. 315, 80 N. W. 1; *Quinn v. Kenney,* 47 Cal. 147; *Pollen v. Magna Charta Min. & Mill. Co.,* 40 Colo. 89, 90 Pac. 639; *Scofield v. McDowell,* 47 Iowa, 129; *Wood v. Coad,* 120 Iowa, 111, 94 N. W. 264; *Keeley v. Sanders,* 99 U. S. 441, 25 L. ed. 327; *Bitzer v. Becke* (Iowa), 89 N. W. 193.)

Clay McNamee, for Respondent.

The recitals in the tax deed must be identical with those in the tax certificate. (*Hughes v. Cannedy,* 92 Cal. 382, 28 Pac. 573; *Anderson v. Hancock,* 64 Cal. 455, 2 Pac. 31; *De Frieze v. Quint,* 94 Cal. 653, 28 Am. St. 151, 30 Pac. 1; *Grimm v. O'Connell,* 54 Cal. 522; *Daly v. Ah Goon,* 64 Cal. 512, 2 Pac. 401.)

A tax deed must show that all the requirements of the law from first to last have been complied with. (*Ferris v. Coover,* 10 Cal. 632; *Ferris v. Chapman,* 10 Cal. 589; *Kelsey v. Abbott,* 13 Cal. 609; *Lachman v. Clark,* 14 Cal. 131.)

"A tax deed will be set aside if one substantial defect is found in the proceedings." (*Vestal v. Morris,* 11 Wash. 451, 39 Pac. 960.)

A defective tax deed cannot be cured by the issuance of a second or correctionary deed, as is sought in this case. (*Vestal v. Morris, supra; Hewitt v. Storch,* 31 Kan. 488, 2 Pac. 556.)

Where the legislature has provided a form of deed, that form must be followed, otherwise the deed will be void, it matters not how slight the variation may be. (*Grimm v. O'Connell,* 54 Cal. 522; *Anderson v. Hancock,* 64 Cal. 455, 2 Pac. 31.)

When it is shown that the notice of sale for taxes was not given in substantial conformity with the statute, the sale will be adjudged invalid, notwithstanding the tax deed, in proper form, may have been duly executed and recorded. (*Morris v. St. Louis Nat. Bank,* 17 Colo. 231, 29 Pac. 802; *Olsen v. Bagley,* 10 Utah, 492, 37 Pac. 739.)

AILSHIE, J.—This action was instituted by plaintiff to quiet its title to a certain tract of land situated in that part of Nez Perce county which formerly belonged to Shoshone county. The plaintiff traces its title by mesne conveyances from one Frank Andrews, the original patentee from the United States. Defendant bases his title on a tax sale made by Shoshone county for the taxes levied and assessed against the property in the year 1903. Judgment was entered in favor of the plaintiff, and the defendant appealed from the judgment and order overruling a motion for a new trial.

The district court held that the sale of the land for taxes was illegal, that the tax certificate was illegal and void, and that the tax deeds issued thereon were consequently illegal and void. We shall take up the points separately and in the order in which they are treated by the respondent in its brief in support of the findings and judgment of the trial court.

1. The first point made in support of the judgment is that the certificate of tax sale issued to Shoshone county on the 12th day of July, 1904, is wholly void. This contention is based upon the grounds that the certificate does not fully comply with sec. 1759 of the Rev. Codes in specifying the state and county taxes, poll tax, city, town, village and Independent School district tax, etc. This objection is unfounded, for the reason that the certificate recites that the tax for which the property was sold was as follows: "State and county, $28.00; penalty and costs, $3.05; total, $31.05." The statement in the certificate that the taxes for which the land was sold were "state and county," and "penalty and costs," excludes the idea that taxes were included for any other purpose or of any other nature. It has been suggested that the court will take judicial knowledge of the fact that in the year 1903 the county commissioners of Shoshone county must have levied school taxes and special road taxes, etc. The court, on the contrary, cannot take judicial notice of any such fact, and in the absence of proof that such taxes were included within the total sum for which this land was sold, we must assume that the land was in fact not sold

for anything other than state and county taxes. Even if other taxes were levied and assessed for 1903, that would not invalidate this sale if it was only made for the "state and county" taxes.

2. It is next contended that under the provisions of sec. 1764, "The recitals in the tax deed must be identical with those in the tax sale certificate." A tax deed was executed and delivered by Shoshone county to appellant's grantor on the 28th day of August, 1907, which, among other things, contained the recital that the property therein described "was duly assessed for state and county purposes to Frank Andrews for the year ——, the assessed value being $800; that the amount of the taxes for state and county assessed for said year was $28.00," etc. The tax certificate recited that the tax for which the sale was made was levied and assessed for the year 1903, while the deed fails to show the year for which this tax had been levied and assessed. While this fact would not impair the *sale* or the validity of the *certificate,* it would impair the deed and render it inadmissible as evidence of compliance with the law. For reasons, however, which will hereafter be stated, this error was subsequently corrected. Before passing from this point, it is worth while to observe that secs. 1764 and 1763 must be construed together. Sec. 1764 says, among other things, "that the matters recited in the certificate of sale must be recited in the deed," while sec. 1763 says, "If the property is not redeemed within three years from the date of sale, the assessor or *ex-officio* tax collector . . . . must make to the purchaser or the other person lawfully entitled thereto, upon demand by him, a deed to the property, reciting in the deed substantially the matters contained in the certificate." It will therefore be seen that sec. 1763 recognizes the substance instead of the form, and authorizes the officer to make a deed containing "substantially the matters contained in the certificate." Sec. 1764, when construed in the light of the previous section, cannot be said to require a literal or *verbatim* copy of the certificate embodied in the deed. It has been accordingly held that not all the provisions of the statute with reference to the assessment of

property and the sale for taxes are mandatory, but that, on the contrary, some of those provisions are only directory. This is true with reference to the name of the owner or supposed owner of the lands, and is the general holding of the courts, especially under a system of assessments and delinquent sales such as we have in this state. The authorities are uniform under statutes similar to ours that the proceeding in the assessment and collection of taxes against real property is purely a proceeding *in rem,* and that it does not run against the person of the owner but simply against the property assessed. (*Klumpke v. Baker,* 131 Cal. 80, 63 Pac. 137, 676; *Palomares Land Co. v. Los Angeles County,* 146 Cal. 530, 80 Pac. 931; *Coolidge v. Pierce County,* 28 Wash. 95, 68 Pac. 391; *Helms v. Wagner,* 102 Ind. 385, 1 N. E. 730; *Bradley v. Bouchard,* 85 Mich. 18, 48 N. W. 208.) It is specifically provided by our statute, sec. 1653, Rev. Codes, that "no mistake in the name of the owner or supposed owner of real property shall render the assessment thereof invalid."

The foregoing section is also reinforced by sec. 1788, Rev. Codes, which provides that: "No assessment, or act relating to assessment, or collection of taxes is illegal on account of informality, nor because the same was not completed within the time required by law."

3. It is next urged by the respondent that since the deed of August 28, 1907, recites on its face that the purchaser at the tax sale was on the 12th day of July, 1907, entitled to a deed, whereas in fact he was not entitled to a deed until the 13th day of July, the deed is therefore void. This position would be true had the deed been executed on July 12th and prior to the time when the purchaser or his assignee was entitled thereto, but the record shows that the deed was not in fact made, executed and delivered until the 28th day of August, 1907. It follows, therefore, that although the recital on the face of the deed may be to the effect that the party was entitled to the deed prior to the expiration of the time of redemption, the deed itself shows that it was not made until after the party was entitled to the same. This is a mere irregularity that could injure no one, and could not

render void the title of the purchaser or impair the validity of the deed.

4. The complaint in this action was filed on February 18, 1908. The answer was filed on September 4, 1909. Subsequent to the commencement of the action and prior to the filing of an answer, the defendant procured from the assessor and tax collector of Shoshone county a second tax deed for this same property which corrected the errors and omissions pointed out in the first deed, and recited on its face that it was given for the purpose of correcting the deed of August 28, 1907. The latter deed recited that the tax for which the sale was made was "assessed to Frank Andrews for the year 1903"; that there was no poll, city, town, village, hospital or school district tax included therein, and that the sale was made for state and county taxes only; "that publication of the intention to sell for taxes was made as provided by law, on or before the fourth Monday of May, 1904"; "that the said premises were by the said William T. Hooper as assessor and *ex-officio* tax collector of said Shoshone county on the 11th day of July, 1904, after due and legal notice given as required by law, offered for sale, etc." "That at the said auction there was no purchaser or bidder on the first day said property was offered for sale. . . . . That thereafter the said premises were next again offered for sale at the same place by the assessor on the 12th day of July, 1904, and there again was no purchaser of them or any part thereof, and thereupon the whole amount of said premises . . . . were by the said William T. Hooper as assessor and *ex-officio* tax collector sold and struck off to the said Shoshone county, etc." This deed further recited that the assignee of the tax certificate was on the *13th day of July, 1907,* entitled to a deed. It is not urged that these recitals contained in the latter deed were not in substantial compliance with the statute if there existed any power on the part of the assessor and tax collector to issue this deed. It is contended, however, "that a defective tax deed cannot be cured by the issuance of a second or corrected deed, as is sought in this case." In support of this contention, respondent cites the following

authorities: *Vestal v. Morris,* 11 Wash. 451, 39 Pac. 960; *Hewitt v. Storch,* 31 Kan. 488, 2 Pac. 556; and *Daly v. Ah Goon,* 64 Cal. 512, 2 Pac. 401.

*Vestal v. Morris* was decided under the laws in existence in Washington in 1886, and, as I gather from the decisions, it was based on the provisions of the 1881 Code of Washington. That case has subsequently been distinguished by the Washington court on several occasions, and it has been said that under the statutes which applied to that case the tax was in effect a personal liability, and "that the assessment was against the person." (See *Woodward v. Taylor,* 33 Wash. 1, 73 Pac. 785, 75 Pac. 646; *Washington Timber & Loan Co. v. Smith,* 34 Wash. 625, 76 Pac. 267; *Railroad Co. v. Galvin,* 85 Fed. 811.) There the sheriff was authorized and directed to seize the personal property of the taxpayer for his taxes both real and personal. It is also worthy of note that what is said in the Vestal case with reference to the issuance of the second and corrected deed subsequent to the commencement of the action and the tender of the taxes and penalties was merely *dictum* in that case, and it was not the point on which the judgment of the appellate court rested. The observation there made is clearly contrary to the great weight of authority from states *where the statute limits the time within which a redemption may be made and where there is no foreclosure required on the part of the county.*

*Hewitt v. Storch* is not in point, for the reason that the court there held that the description of the property was defective on which the sale was made, and that the county clerk could not go back of the tax-roll for a description, but that he was bound by the description therein contained, and that since the original deed contained the same description as that found on the tax-roll, the clerk could not by a subsequent deed amend the description or insert a different description from that found on the tax-roll.

*Daly v. Ah Goon* was a case where the land was assessed to "G. A. Hemenway, and to all owners and claimants known and unknown." The opinion in that case rested upon a line of authorities that exists in California to the effect that such

a description of the owner of the premises is defective and renders the proceedings void.

On the other hand, as above observed, the later authorities are overwhelming to the effect that if the proceeding has been regular and a tax sale has been made in substantial conformity with law, that the time within which the land owner may redeem is fixed and limited by the statute, and that after the expiration of such period he has no right of redemption whether a deed has issued or not.    (Blackwell on Tax Titles, sec. 734; Black on Tax Titles, secs. 350, 353, 354; *Pearson v. Robinson,* 44 Iowa, 413; *Beggs v. Paine,* 15 N. D. 436, 109 N. W. 322; *McMillan v. Hogan,* 129 N. C. 314, 40 S. E. 63; *Levy v. Newman,* 130 N. Y. 11, 28 N. E. 660; *Dumphey v. Hilton,* 121 Mich. 315, 80 N. W. 1; *Quinn v. Kenney,* 47 Cal. 147.)

It is equally well settled that if through some mistake or negligence the officer fails to make a good and valid deed in pursuance of the sale and the certificate previously issued and in accordance with law, that *mandamus* will lie to compel him to thereafter exhaust the power vested in him by law by executing a good and valid deed, and that if *mandamus* will lie to compel him to perform the act, that he may perform such act voluntarily when the defects are called to his attention.    In other words, the correct rule of law, as we understand it, is that where the power is vested in an officer to execute a tax deed, such power and authority is not exhausted until a deed is made in compliance with the law, providing the preceding steps have been taken according to law as they appear from the certificate or record of the sale. (Black on Tax Titles, sec. 408; Blackwell on Tax Titles, sec. 734; *Duggan v. McCullough,* 27 Colo. 43, 59 Pac. 743; *McQuade v. Jaffray,* 47 Minn. 326, 50 N. W. 233.)

It follows from what has been said that the judgment must be reversed, and it is so ordered, and the case is remanded for further proceedings in harmony with this opinion.    Costs awarded in favor of appellant.

Sullivan, C. J., concurs.