[No. 9608. Department One. November 28, 1911.]

C. H. HANSON et al., Appellants, v. JOHN W. CARR et al., Respondents.[1]

TAXATION—TAX TITLE—PRIORITY—EASEMENTS. Under Rem. & Bal. Code, § 9230, providing that a tax lien shall have priority over all other liens or claims, a tax foreclosure and sale passes the fee freed from a prior easement for a private road, where the owner of the easement prior to foreclosure did not seek a segregation of the tax as to the strip of land affected by the easement.

TAXATION—REMEDIES OF PURCHASERS—QUIETING TITLE—LIMITATIONS. A tax title purchaser who has paid all the taxes since foreclosure may maintain an action to quiet title within ten years from the date of foreclosure.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 3, 1911, in favor of the

[1]Reported in 118 Pac. 927.

defendants, after a trial on the merits before the court without a jury, in an action to quiet title.   Reversed.

*L. H. Wheeler,* for appellants.

*Jas. W. Carr,* for respondents.

Mount, J.—The plaintiffs brought this action to quiet their alleged title to a strip of land thirty feet wide along the entire length of the south side of the northeast quarter of the northeast quarter of section 32, township 23, north, range 6 E., W. M., claiming title thereto by mesne conveyance from the United States, and also by virtue of a tax judgment and sale made by the county of King in 1900 for delinquent taxes for the years 1890 to 1895 inclusive. Defendants claim an easement upon the land by grant from the owner prior to the tax sale, and by continuous use for more than ten years.   Upon the trial of the case, the court found that, in August, "1892, William Thomas, being then owner and holder of the legal title of the" forty acres described above, "conveyed unto John Stanton a strip of land, thirty feet in width, along the entire length of the south side thereof, to be used as a private road by said grantee, his heirs and assigns, and by said William Thomas, jointly; that by mesne conveyances, the same was thereafter conveyed by said John Stanton and his grantees to the defendants herein; and that they are now, and were at the commencement of this cause, the owners and holders of the title to said private road."   Upon this finding, a decree was entered, quieting title in the defendants and dismissing the plaintiffs' complaint.   Plaintiffs have appealed.

It was conceded in the trial court, and is also conceded here, that the land was sold in the year 1900 upon a foreclosure of a tax lien for delinquent taxes for the years 1890 to 1895 inclusive, and that plaintiffs hold under a tax deed issued thereon.   The validity of that foreclosure is not questioned, but it is argued by defendants that their easement,

obtained by a grant from the owner of the land in 1892 and prior to the tax foreclosure proceedings, was not affected by such sale. It is plain that this is not the rule, because the statute provides that all taxes imposed upon real estate shall be a lien thereon.

"The said lien shall have priority to and shall be fully paid and satisfied before any recognizance, mortgage, judgment, debt, obligation or responsibility to or with which said real estate may become charged or liable." Rem. & Bal. Code, § 9230.

In short, the tax lien is paramount to all other liens or claims. When foreclosure of such lien is made and real estate is sold thereunder, the fee passes to the purchaser, and all grants made by the owner of the fee must, of course, fall with the foreclosure. In *Carlson v. Curran*, 42 Wash. 647, 85 Pac. 627, 6 L. R. A. (N. S.) 260, where it was sought to establish the relation of landlord and tenant after a tax foreclosure, we said:

"The relation of landlord and tenant does not arise by reason of the tax sale, as the appellants acquired their title, if any, from an independent source, and took the property free from any contracts or obligations of the former owners."

This must be the rule. Otherwise the owner of real estate may grant an easement or leasehold and surrender possession of the real estate to such grantee, and, upon foreclosure of the tax lien by the state, the purchaser would acquire only the fee, subject to the easement or lease, which would destroy the priority of the tax lien. The tax foreclosure being regular against the land and not attacked, a deed issued thereunder vested the title in fee with the right to possession in the purchaser at the foreclosure sale, and divested the owner and all claiming under him of all right to the land. No doubt the defendants, prior to the foreclosure proceedings, might have had the land upon which their easement was located segregated, and a *pro tanto* reduction of

the tax, under Rem. & Bal. Code, § 9258. *Coolidge v. Pierce County*, 28 Wash. 95, 68 Pac. 391. But having neglected that remedy, it is too late to say that the easement did not go with the land to the purchaser at the tax sale.

It is not claimed that the ten-year statute has run in favor of the respondent since the tax foreclosure sale, and it is not claimed that defendants have ever paid any taxes on the land upon which the easement is claimed. On the other hand, plaintiffs have paid all the taxes thereon. It is apparent that the statute of limitations has not run in either case. We are satisfied, therefore, that the trial court should have found that defendants had no easement or right upon the strip of land in question, and should have quieted title in the plaintiffs.

The judgment is reversed, and the cause remanded for the entry of such a judgment.

DUNBAR, C. J., PARKER, GOSE, and FULLERTON, JJ., concur.