[No. 31652. Department One. June 7, 1951.]

WILLARD P. PALIN et al., Respondents, v. EARL E. SHERMAN et al., Appellants.[1]

*Annon W. May,* for appellants.

*Gershom C. Rowland,* for respondents.

HILL, J.—We are here concerned with the right to the possession of a six-foot strip of land, the claimant in possession having title by adverse possession and the claimant seeking possession having a tax title. There is no statement of facts, and we are therefore concerned only with whether

[1] Reported in 232 P. (2d) 105.

the court drew the proper conclusion of law from the facts as found, and entered a judgment consistent therewith.

Appellants had legal title to lot 8, block 5, Junett's addition to Tacoma, W. T. Their predecessors in interest had, prior to 1930, moved the dwelling house situated on lot 8 so that it extended over the north six feet of lot 9 in that block; and the trial court found that title to that six-foot strip had been acquired by them by adverse possession.

The taxes on lot 9 became delinquent, and, as the result of a regularly conducted foreclosure and sale, in 1943 the predecessor in interest of the respondents acquired title to lot 9 by a tax deed.

In the present action, the trial court quieted title to lot 9 in the respondents and directed the appellants to remove their building therefrom.

Appellants place their reliance on *Berry v. Pond,* 33 Wn. (2d) 560, 206 P. (2d) 506, where we permitted Pond, who had title to a sixty-foot strip by adverse possession and who had improvements located on that strip and who believed that he was paying taxes thereon, to prevail over Berry, who had acquired a tax title thereto.

Respondents rely on such cases as *Hanson v. Carr,* 66 Wash. 81, 118 Pac. 927; *Gustaveson v. Dwyer,* 78 Wash. 336, 139 Pac. 194; *Johnson v. Burgeson,* 25 Wn. (2d) 269, 170 P. (2d) 311; *Rushton v. Borden,* 29 Wn. (2d) 831, 190 P. (2d) 101, which adhere to the rule that the foreclosure of a tax lien is a proceeding *in rem* and invests in the purchaser a new title superior to any possessory rights, however exclusive or adverse. They point out that *Berry v. Pond, supra,* has been criticized (see "Security of Tax Foreclosure Titles, Chapter 2," 25 Wash. L. Rev. 83) and, because of its effect on the security of tax titles, so important to the community at large, they invite an overruling of our holding in that case.

■ However, it is not necessary to accept that invitation. The court there found, from the facts and circumstances, that Pond had paid the taxes on the sixty-foot strip occupied by him; and that was declared to be decisive of the case. There is here no finding of any fact from which it

could be concluded that the appellants had paid the taxes on the six-foot strip occupied by them. Indeed, there is no finding that they ever paid taxes on lot 8 or any other property. There being no statement of facts, we cannot go behind the findings; and there being no facts or circumstances set forth in the findings that could bring the case within the holding in *Berry v. Pond, supra,* the cases cited by the respondents and above referred to, are controlling. The trial court was correct, on the basis of the record before us, in quieting title to lot 9 in the respondents and in directing the appellants to remove their property therefrom.

The thirty days allowed by the decree for the removal of the property having long since expired, the period for removal is extended to thirty days from the going down of the remittitur.

SCHWELLENBACH, C. J., BEALS, DONWORTH and FINLEY, JJ., concur.